PATRICK J. STANOSHECK, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.
95 N. W. 2d 197

Filed February 27, 1959.   No. 34530.

*Frederick W. Carstens,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

An admittedly proper information, filed by the State on November 21, 1957, in the district court for Gage County, charged defendant, Patrick J. Stanosheck, with grand larceny.   He employed and was advised by an able lawyer.

On the morning of February ·27, 1958, defendant appeared in open court with such lawyer and was ar-. raigned.   Thereat, the information was read aloud in open court and defendant's legal and constitutional rights were explained and protected in every material respect by the court.   Defendant voluntarily pleaded guilty to the charge, whereupon the court rendered

judgment of guilty as charged, and so advised defendant and his lawyer in open court.

Thereafter, at request of the court and in open court, the county attorney outlined in substance the facts with relation to the alleged offense. In substance the facts were as follows: At 2 or 3 a. m. on October 21, 1957, defendant, who had been drinking liquor for a couple of days, drove a truck belonging to another party out to a farm of one Richardson near Odell in Gage County. There, in two trips, with the aid of a cattle chute, defendant loaded 11 head of branded cattle belonging to Richardson into that truck. Thereby defendant transported such cattle over to his own farm, then transferred them to another truck, and they were driven to the stockyards in St. Joseph, Missouri. The same day Richardson discovered his loss and informed the sheriff thereof. An investigation was then made, and the cattle were found and recovered. Ten head were found in the St. Joseph stockyards just before they were to be sold in defendant's name, and one head was later found at defendant's farm. Thereafter, defendant was apprehended and in a conversation with Richardson defendant told him that he was short of money; that the temptation was too great; and that he had taken the cattle which, without dispute, had a fair market value of $1,800.

After defendant's arraignment, plea of guilty, and judgment of guilty had been rendered, a plea for probation was made in defendant's behalf by his lawyer, whereat evidence was adduced in support of the plea and same was submitted to the court. In that connection, several friends and neighbors testified in defendant's behalf. A general summary of their testimony was that they thought defendant had learned his lesson and that he would obey the terms of probation; that he had a wife and eight good, intelligent children whose ages were from 3 to 18 years; and that defendant could become a good citizen if he would do more for his

family, as he had promised to do, instead of gambling and the like. In that connection, the court also recalled in open court, and it is not disputed, that once before defendant had committed one of the most serious crimes, and had been granted the mercy of the court and placed on probation.

Having been thus fully advised, the court denied plaintiff's plea for probation, so informed him and his lawyer in open court, and asked defendant if he had anything to say as to why sentence should not be passed upon him. Thereupon defendant orally responded, but the court decided that he had shown no good cause, whereupon he was sentenced to be imprisoned in the penitentiary of the State of Nebraska at Lincoln for a period of not less than 3 years nor more than 5 years, as authorized by the grand larceny statute, section 28-506, R. R. S. 1943. Defendant was then ordered to pay the costs of prosecution and to stand committed until such costs were paid or secured, and he was otherwise discharged according to law.

Following the hearing, defendant was given an opportunity to briefly visit with his brother and his lawyer, and was then taken to the county jail. There he had his noon meal and was permitted to visit with his wife. That same afternoon defendant was taken to the penitentiary by the sheriff and his deputy, where defendant was required to undergo a period of orientation for several days during which time he made no attempt to be permitted to contact his lawyer or any other lawyer.

However, thereafter on June 25, 1958, about 4 months after judgment and sentence, a motion for new trial was filed in the district court for Gage County by a lawyer for defendant who had not theretofore represented him. Such motion, after assigning in substance that the judgment and sentence of the court was an abuse of discretion and contrary to law, recited: "That this application by motion for a new trial has not been filed within the 10 day period of time provided for in

Section 29-2103 R. S. Neb. 1943, for the reason that the defendant was unavoidably prevented from making such application due to circumstances wholly beyond his control."

Thereafter, on August 14, 1958, a hearing was held in the district court whereat evidence was adduced on defendant's motion for new trial, and on August 25, 1958, his motion was overruled. Thereafter, defendant prosecuted error to this court, assigning, as far as important here, that the trial court erred in overruling his motion for new trial. As we view it, the primary and controlling question is whether or not defendant was unavoidably prevented from filing his motion for new trial within 10 days after February 27, 1958, as required by section 29-2103, R. R. S. 1943. We conclude that defendant was not unavoidably prevented from so doing, which disposes of all other matters.

In that connection, defendant makes no contention that he was not guilty as charged nor that he did not voluntarily plead guilty. He admitted that his lawyer was present at the hearing, judgment, and sentence on February 27, 1958. However, he claimed that he had no opportunity to consult with his lawyer after sentence, which is contrary to defendant's own testimony. He also equivocally claimed that his lawyer had told him prior thereto that a plea of guilty and judgment rendered thereon would bar his right of appeal from such judgment. In that connection, it should be said that admittedly defendant never requested that lawyer to file a motion for new trial or prosecute error, and under the circumstances presented here, such lawyer had no duty to do so unless a request for such action was made by defendant or some one authorized to act for him.

The general rule is that a right of appeal exists even though defendant has pleaded guilty to the charge against him, but that a defendant upon whom a sentence has been imposed must accept all of the sentence or

appeal in a manner provided by law in such cases. See, Benson v. State, 158 Neb. 168, 62 N. W. 2d 522, 42 A. L. R. 2d 991; Abbott v. State, 160 Neb. 275, 69 N. W. 2d 878.

Be that as it may, defendant admitted that following the hearing and sentence on February 27, 1958, he visited with his brother and his lawyer, and he was taken back to the county jail where he later visited with his wife. Admittedly defendant never requested the sheriff or county attorney to let him see any one beside members of his family before he was taken to the penitentiary, and he made no request of the sheriff or deputy on the trip there to contact anyone or to deliver any message to anyone for him, except that he did ask the sheriff to let his wife know how soon she could see him, and to give her his mailing address.

After arrival at the penitentiary and during the first 10 days of orientation classes with six or more inmates attending, and where guards and officers of the institution were present, defendant never asked permission to contact his lawyer or any other lawyer, either personally or in writing. He never asked any guard or official of the institution for an opportunity to contact a lawyer or members of his family for the purpose of perfecting an appeal, or asked them to contact a lawyer for him for that or any other purpose. He was interviewed by a minister also during that period, but did not ask him to contact or permit him to contact a lawyer or any member of his family for purposes of appeal. In fact, defendant had ample opportunity to do so but did nothing to protect his right of appeal.

Section 29-2103, R. R. S. 1943, provides in part, as far as important here: "The application for a new trial shall be by motion upon written grounds, and may be filed either within or without the term at which the verdict is rendered. It shall * * * be filed within ten days after the verdict was rendered unless unavoidably prevented."

As recently as Parker v. State, 164 Neb. 614, 83 N. W. 2d 347, we reaffirmed that: "The provisions of section 29-2103, R. R. S. 1943, are mandatory and a motion for new trial in a criminal action must be filed within 10 days after the verdict is rendered in order to be considered on appeal, except for the cause of newly discovered evidence or unless the defendant was unavoidably prevented from filing the motion within 10 days."

As early as Roggencamp v. Dobbs, 15 Neb. 620, 20 N. W. 100, this court said: "The words 'unavoidably prevented' evidently refer to circumstances beyond the control of the party desiring to file the motion. The law requires diligence on the part of clients and attorneys, and the mere neglect of either will not enable a party to relief on that ground. It might be different in case of the deliberate betrayal of a client by an attorney. But such case probably will not occur, and is not shown in this." Such statement has application under the circumstances presented here.

Also, in Powell v. Van Donselaar, 160 Neb. 21, 68 N. W. 2d 894, this court said: "An event or a result is unavoidable which human prudence, foresight, and sagacity cannot prevent. The words of the statute 'unavoidably prevented' signify something that was beyond the ability of the person affected to have avoided."

In Kock v. State, 73 Neb. 354, 102 N. W. 768, this court said: "But it is contended by the accused that he is one of the class of persons mentioned in the statute as being under disability; and he insists that, because he was taken to the penitentiary and imprisoned therein in compliance with the judgment of the court, the limitation does not apply to him. The mere statement of this proposition is its own refutation. * * * The fact is that he is under no disability by reason of his imprisonment; * * *." That case arose under somewhat different statutes relating to prosecution of error in criminal cases, but by analogy the statement therein

still has application in cases like that at bar.

In the light of the record and aforesaid authorities, we conclude that defendant was not unavoidably prevented from timely filing a motion for new trial, and that the failure to do so resulted in failure of jurisdiction to entertain defendant's motion for new trial. Counsel for defendant has cited no authority which would support any other conclusion. Therefore, the judgment of the trial court in overruling and denying defendant's motion for new trial should be and hereby is affirmed. All costs are taxed to defendant, Patrick J. Stanosheck.

AFFIRMED.

MESSMORE, J., participating on briefs.