STATE OF NEBRASKA, APPELLEE, v. WALTER ALLEN GREEN, APPELLANT.

178 N. W. 2d 271

Filed June 19, 1970.    No. 37543.

Albert W. Crites, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and CHADDERDON, District Judge.

CHADDERDON, District Judge.

This is an appeal from a plea of guilty and sentence on the charge of burglary of the American Legion Club in Chadron, Nebraska.

The record shows that the defendant waived a preliminary hearing in county court, after being advised of his right to an attorney, and was bound over to the district court for Dawes County, Nebraska.

On September 8, 1969, he appeared in the district court and was advised of his right to an attorney to represent him "at no expense to you." He waived the right to an attorney. The trial court inquired about his age and his educational background, which showed that he had received a high school diploma and 9 hours of college work. The trial court also asked him if he had been in trouble before, and he stated he had been in Texas and Missouri, and that he had escaped from the Missouri penitentiary; and stated that he was familiar to a considerable extent with court proceedings. The defendant indicated that he intended to plead guilty, and the court explained to him the consequences of a guilty plea, and in detail explained the duty of the State in proving him guilty in the event he entered a plea of not guilty.

The court then asked the county attorney what evidence he had to prove the crime, and the county attorney advised the court of the evidence which if proven would show the defendant guilty, and the defendant admitted that the facts were true and that he did not wish to comment on any of the facts. After this defendant again waived his right to have an attorney and entered a plea of guilty.

The court ordered a pre-sentence investigation, and on October 14, 1969, the defendant again appeared and

the court again asked him if he wanted an attorney appointed at the expense of the county and the defendant again waived the right to an attorney. After questioning him about four previous convictions and two other burglaries in Custer County, defendant was sentenced to a term of not less than 3 nor more than 7 years.

There are two assignments of error but both go to the fact that the court did not appoint an attorney to represent him.

In State v. Brevet, 180 Neb. 616, 144 N. W. 2d 210, this court said: "Defendant appears to be of the opinion that the waiver of legal counsel must be by replies to ritualistic questions,—that the waiver is one of form rather than intent. With this we do not agree. The situation before the court was one which showed that the defendant knew the crime with which he was charged and the extent of the punishment that could follow his guilty plea. He made it clear that he desired to admit his guilt and accept his punishment. Having come to this conclusion the defendant did not want a lawyer of his own choice nor one provided at the expense of the state,—he desired no lawyer at all. Under these circumstances, for this court to say that the failure to advise defendant by a precise ritualistic statement that he could have counsel at the expense of the state reduces the law to form rather than substance. We submit that the defendant was meticulously advised of his rights and the consequences that could follow by their waiver. The defendant does not contend that he was not guilty of the crime charged and asserts only that the failure to follow a prescribed form relieves him of the adverse effect of his conviction, otherwise proper. We do not subscribe to this theory under the facts shown in this record."

Although this court has held that a defendant may not waive his right to an attorney unless he does so intelligently and understandingly, the facts in this case would lead to no other conclusion than that this defend-

ant did waive his right intelligently and understandingly, and that the facts stated by the county attorney to the trial court, which the defendant admitted to be true, showed that he was guilty beyond a reasonable doubt.

We affirm the judgment of the trial court.

AFFIRMED.