447 F.2d 950
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gustavo BATTLE, Defendant-Appellant.
No. 71-1344 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Aug. 13, 1971.
 
 Prebish & Masin, Michael A. Masin, Miami, Fla., for defendant-appellant.
 Robert W. Rust, U.S. Atty., George A. Kokus, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 On a plea of guilty, the petitioner was convicted on one count of purchasing, selling and distributing cocaine which was not in the original stamped package. He was sentenced to eight years imprisonment and a few days later filed what was denominated a Motion To Mitigate Sentence/Motion For Leave To Withdraw Plea of Guilty and Vacation of Sentence, contending that the misrepresentations of the Government were the forces moving him to plead guilty. In effect it is a direct appeal, not a post-conviction matter.
 
 
 2
 Prior to trial defendant's counsel had several conversations both with the United States Attorney and with the narcotics officer charged with consulting the probation officer. The defendant argues that the essence, though admittedly not unambiguous, of these conversations was that a light, if not minimal, sentence was in order and that the Government would not ask for, nor would the probation officer recommend, more. In fact, the defendant argues, the Government in effect admitted as much after the heavier sentence was imposed when the United States Attorney went to the Trial Judge and notified him that many of the statements in the presentence report very possibly pertained to the defendant's brother and not to the defendant.[1] It was only because of these many claimed representations of Government officials that the defendant alleges he pleaded guilty. The Government of course counters that these were not the facts or that at any rate whatever the Government said it would do, it did.
 
 
 3
 The District Court in an unrevealing cryptic order denied the motion and the defendant appeals. In its denial, however, the District Court made no fact findings on which it based its determination. It is this deficiency that hinders our ability to resolve the merits of this appeal. We have nothing to go on but the charges and countercharges of the parties. The legal principles in this instance are fairly clear-- a plea cannot be vacated because the defendant anticipated that by pleading guilty he would get a lighter sentence. On the other hand the Government ought not be allowed to lure the defendant into a plea on false information. So the facts here become critical for once they are known the application of the law to them will not be difficult. The need for full factual development is even more critical here than in post-conviction cases where we remanded for fact findings. See, e.g., Miller v. Henderson, 5 Cir., 1970, 435 F.2d 688. See also Waters v. Beto, 5 Cir., 1968, 392 F.2d 74, 75 n. 2; Welch v. Beto, 5 Cir., 1968, 400 F.2d 582. Thus we must vacate the judgment of the Court below and remand for specific fact findings which will put this case in a reviewable posture.
 
 
 4
 Vacated and remanded.
 
 
 
 [1]
 Obviously and error of such seriousness ought to have been fully explored factually. The record is silent on what, if anything, the Judge did upon receiving this report