STATE OF NEBRASKA, APPELLEE, v. ROBERT EUGENE WHITED,
APPELLANT.

193 N. W. 2d 268

Filed December 23, 1971. No. 38063.

Robert Eugene Whited, pro se.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant appeals from a denial of his request for post conviction relief. As grounds for relief, he states: (1) A lawyer should have been appointed for him at the

time of his arraignment in municipal court; (2) he was wrongfully confronted with an identifying witness immediately after the offense was committed; (3) the police failed to immediately check a purported alibi; and (4) the court erred in admitting leading questions and hearsay evidence. We affirm the judgment of the district court.

Defendant appealed from his original conviction. See State v. Whited, 182 Neb. 282, 154 N. W. 2d 508. Assignments (3) and (4) do not involve violations of constitutional rights. In the absence of a violation or infringement of a constitutional right, no relief may be had under the Post Conviction Act. See State v. Reizenstein, 183 Neb. 376, 160 N. W. 2d 208.

Defendant was arrested on September 14, 1966, was arraigned and waived preliminary hearing on September 16, 1966, and was released on bond on September 29, 1966. Counsel was appointed on October 6, 1966; poverty affidavit was filed and trial commenced on January 4, 1967; verdict was returned January 5, 1967; and sentence was pronounced January 19, 1967. The proposition that he was entitled to a lawyer at the time of his arraignment must be based upon Coleman v. Alabama, 399 U. S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387, decided June 22, 1970. Defendant cites Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. Ed. 2d 114. That case referred solely to proceedings in the State of Alabama, and the law of that state differed materially from that of Nebraska. The case is not pertinent. No poverty affidavit was filed nor does the record reflect a request for appointment of an attorney at the arraignment and waiving of preliminary hearing. Defendant, who was not inexperienced in such matters, having had five previous felony convictions, waived preliminary hearing. The case of Coleman v. Alabama, *supra*, does not have retroactive application. See, United States ex rel. Walker v. Maroney, 444 F. 2d 47 (3d Cir., 1971); Harris v. Neil, 437 F. 2d 63 (6th Cir., 1971); Vizzard v. Procunier, 439 F. 2d 94 (9th Cir.,

1971); Phillips v. North Carolina, 433 F. 2d 659 (4th Cir., 1970); Konvalin v. Sigler, 431 F. 2d 1156 (8th Cir., 1970); United States ex rel. Bonner v. Pate, 430 F. 2d 639 (7th Cir., 1970). The only contrary holding by the circuit courts we have found is in Rivera Escute v. Delgado, 439 F. 2d 891 (1st Cir., 1971).

The alleged improper confrontation is based upon United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, decided June 12, 1967. The evidence does not indicate that it tainted the in-court identification. The witness had opportunity to view defendant at the scene of the offense and gave an accurate description of him to officers. His identification was not dependent upon the confrontation after arrest. In any event, Wade is not retroactive. See Stovall v. Denno, 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.