STATE OF NEBRASKA, APPELLEE, V. JAMES LEE BIRDWELL, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. WALTER ALLEN GREEN, APPELLANT.

195 N. W. 2d 502

Filed March 10, 1972. Nos. 38087, 38088.

James Lee Birdwell and Walter Allen Green, pro se.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendants were convicted of burglary upon pleas of guilty. The convictions were affirmed in State v. Green, 185 Neb. 673, 178 N. W. 2d 271, and State v. Birdwell, 185 Neb. 676, 178 N. W. 2d 270. Thereafter the defendants filed separate motions for post conviction relief which were denied on March 22, 1971, without an evidentiary hearing. Since the motions present identical grounds for relief, we consider the appeals together.

The defendants alleged their convictions are void because they were bound over to the district court by an acting county judge whose appointment had expired; their waivers of counsel before the acting county judge were invalid; and the trial court failed to allow them to examine the presentence report.

The acting county judge was at least a de facto officer and his authority cannot be challenged by a collateral attack. See State ex rel. Weiner v. Hans, 174 Neb. 612, 119 N. W. 2d 72.

The defendants' waivers of counsel and pleas of guilty in the district court were considered in the prior appeals and held valid. State v. Green, *supra;* and State v. Birdwell, *supra.* The pleas of guilty cured any defects that might have occurred in the proceedings in the county court.

The presentence reports could be relevant only to the sentences imposed upon the defendants. Sentences imposed within statutory limits furnish no basis for post conviction relief. State v. Bullard, 187 Neb. 334, 190 N. W. 2d 628.

The files and records show conclusively that the defendants were not entitled to post conviction relief. The trial court was not required to grant evidentiary hearings or appoint counsel for the defendants in these proceedings.

Subsequent motions filed April 5, 1971, and denied April 16, 1971, are not before us. However, they are subject to the rule announced in State v. Reichel, 187 Neb. 464, 191 N. W. 2d 826.

The judgments are affirmed.

AFFIRMED.