EDWARD VACEK ET AL., APPELLEES, v. EUGENE MARBURGER, APPELLANT.

195 N. W. 2d 515

Filed March 17, 1972. No. 38089.

Duane L. Nelson, for appellant.

John E. Sullivan and John J. Sullivan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This was an action by Edward Vacek, Harry Vacek, and James Vacek, appellees, to cancel a lease of farm land to Eugene Marburger, appellant; to have growing crops harvested at appellant's expense; to remove appellant's property from the premises; to restrain appellant from entering upon the premises; and for damages. The case was tried on the general issues raised by the petition in a default proceeding. The court granted the relief requested, and ordered appellees to pay $300 into court for the benefit of appellant. We affirm.

At all stages of the proceeding herein the appellant was in custody on criminal charges. At the outset of the litigation in September 1970, he was in the Clay County jail. At that time he was represented herein by the counsel who was defending him on the criminal complaint on which he was being held. This counsel filed an answer and cross-petition for him. On October 2, 1970, appellant was transferred to the Nebraska Penal and Correctional Complex where he was confined at the time judgment was entered against him. The case was originally set for trial December 11, 1970. On or about December 1, 1970, when appellant learned that the case was set for trial in spite of his confinement, he decided that his counsel was not representing his interests and terminated the attorney-client relationship. The appellant then requested his wife, who lived in the county in which this action was pending, to secure counsel for him. She was unable to do so.

Appellant believed that one of the appellees, who knew he was incarcerated, would not take final action until he had an opportunity to employ counsel or was released from custody. He was also of the belief that James Vacek, the appellee who made the lease with him, was out of the country and unavailable for trial. James

Vacek actually appeared at the trial. Appellant was notified December 22, 1970, that the case would be tried on January 14, 1971. He was unable to obtain counsel and relied on his belief that no action would be taken.

Appellant admits he received notice of the trial date. Trial was held on that date, with no appearance by the appellant's wife or any attorney representing his interests. Appellant filed a motion for new trial on February 1, 1971, or 17 days after judgment was rendered, premised on the theory that he had unavoidably been prevented from securing counsel by reason of his incarceration. This motion was overruled. On this appeal appellant contends it was an abuse of discretion on the part of the trial court to deny his motion for a new trial where a judgment had been entered in the absence of appellant or his representative because appellant was incarcerated on a criminal charge, and as a result thereof was unable to prepare for trial.

Section 25-1143, R. R. S. 1943, provides: "The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered, except (1) where unavoidably prevented, or (2) for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

Appellant's motion for new trial was not filed within the time required unless he was unavoidably prevented by virtue of his confinement in the Nebraska Penal and Correctional Complex, which is the same issue on which he premises his right to a new trial.

Was appellant unavoidably prevented from contesting the present action by reason of his confinement in the Nebraska Penal and Correctional Complex? The answer is in the negative. In Kock v. State (1905), 73 Neb. 354, 102 N. W. 768, the defendant, in an attempt to justify his failure to institute proceedings in error within the

required time, contended that he was one of the class of persons mentioned in the statute as being under a disability. He insisted that because he was taken to the Penitentiary and imprisoned therein in compliance with the judgment of the court, the time limitation therein did not apply to him. This court stated: "The mere statement of this proposition is its own refutation. If this contention should be held good, the defendant could serve out his full six years of imprisonment and still have one year thereafter in which to prosecute his petition in error. The fact is that he is under no disability by reason of his imprisonment; * * *."

See, also, Stanosheck v. State (1959), 168 Neb. 43, 95 N. W. 2d 197, in which we said: "The provisions of section 29-2103, R. R. S. 1943 (new trial in criminal proceedings), are mandatory and a motion for new trial in a criminal action must be filed within 10 days after the verdict or judgment is rendered in order to be considered on appeal, except for the cause of newly discovered evidence or unless the defendant was unavoidably prevented from filing the motion within 10 days.

"The words 'unavoidably prevented' as used in section 29-2103, R. R. S. 1943, are equivalent in meaning to circumstances beyond the control of the party desiring to file the motion for new trial. The law requires diligence on the part of clients and their attorneys, and the mere neglect of either will not entitle a party to relief on that ground."

This has been the interpretation given to those words since the early case of Roggencamp v. Dobbs (1884), 15 Neb. 620, 20 N. W. 100, where this court said: "The words 'unavoidably prevented' evidently refer to circumstances beyond the control of the party desiring to file the motion. The law requires diligence on the part of clients and attorneys, and the mere neglect of either will not entitle a party to relief on that ground." We determine that confinement in a penal institution does not

unavoidably prevent a party from making a defense to an action against him.

In the instant case the appellant had counsel whom he discharged. He had been in contact with his wife who he expected to secure counsel for him. The fact that he guessed wrong on the presence of James Vacek at the trial, or as to whether or not a trial could be had in his absence, does not come within the ambit of "unavoidably prevented" as used in our law.

The judgment of the trial court is affirmed.

AFFIRMED.