**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gustavo BATTLE, Defendant-Appellant.**

No. 71-1344

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Prebish & Masin, Michael A. Masin, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., George A. Kokus, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

It is exceedingly rare that the same direct appeal from a criminal conviction is twice before the Court, but this is such a case. On direct appeal from a conviction based on a guilty plea appellant charged that the conviction was invalid because the plea was induced by certain "misrepresentations" of the Government. We remanded for full development of the facts. A supplemental evidentiary hearing was held and the District Court has filed formal findings of fact and reaffirmed his earlier sentence. We affirm.

■ The earlier opinion in this case succinctly defined the crucial issue. "The legal principles in this instance are fairly clear—a plea cannot be vacated because the defendant anticipated that by pleading guilty he would get a lighter sentence. On the other hand, the Government ought not be allowed to lure the defendant into a plea on false information." United States v. Battle, 5 Cir., 1971, 447 F.2d 950, 951. The transcript of the evidentiary hearing held after the prior remand and the Judge's findings thereon convinces us that the former is the situation here. It now seems clear that the only "representation" made by the Government was that no one in the United States Attorney's Office would recommend a particularly severe penalty. The Government kept that assurance.

■ The crux of the controversy seems to be that the United States Attorney had expressed to defense counsel the *belief* that the District Court would *probably* mete out a minimal sentence if the defendant pleaded guilty. The United States Attorney ventured a conjecture that the two-year statutory minimum would be appropriate, and perhaps part of that would be suspended. The United States Attorney was not much of a prognosticator, since the District Court sentenced the defendant to a term of eight years imprisonment. However, as defense counsel readily conceded at the evidentiary hearing, the United States Attorney's remarks were by no means promises. The attorney recognized that the United States Attorney had no authority to guarantee a particular sentence, and the defendant's testimony indicates that this information was relayed to him in equivocal terms such as "could" and "perhaps".

■ Regarding the allegation that the unexpected sentence resulted from erroneous information in the presentence report, the Trial Court's findings of fact affirmatively establish that the District Court was "well aware before sentencing of the errors in the presentence investigation report, and the Court knew that the defendant was not a 'kingpin' in the narcotics trade." Any suggestion that the sentence was based

on incorrect facts is therefore clearly rebutted.

On findings which are unassailable, it is clear that there was no bargain, promise, agreement or other understanding reached here. From our vantage everybody—which included everyone but the most important one—just guessed wrong about what sentence the trial judge would think appropriate. Since, as the Judge found, "the government did not lure the defendant into a plea of guilty by false information" but rather the defendant simply had hopes which were not realized, we find no basis for setting aside the plea of guilty or the conviction which resulted.

Affirmed.