STATE OF NEBRASKA, APPELLEE, v. ROY KELLOGG, APPELLANT.

204 N. W. 2d 567

Filed February 23, 1973. No. 38601.

William F. Ryan, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a post conviction action challenging proceedings had pertaining to defendant's conviction for robbery. It is contended that the district court erred in permitting defendant's counsel to withdraw pending appeal and thus denied defendant the effective aid of counsel. It is also asserted that the sentence imposed was excessive. We affirm the judgment of the district court denying post conviction relief.

At his trial the defendant was represented by the public defender. Subsequent to defendant's conviction, a motion for new trial was filed and overruled and all necessary proceedings had to lodge an appeal in this court in forma pauperis. The public defender then moved to withdraw as counsel for defendant stating: "* * * that he has thoroughly and conscientiously examined the records in said case, has briefed all legal issues which might arguably support an appeal, has found none of them to be arguable on their merits, and has concluded that an appeal can only be considered wholly frivolous." A brief setting out the public defender's views on the various facets of the case accompanied the motion. The motion and brief were duly served on the defendant who filed a statement or brief

on the subject with the court. After hearing and full examination of all proceedings, the court found the proposed appeal to be frivolous and permitted the withdrawal of counsel. A copy of the order was immediately served on the defendant. After the lapse of 2½ months and notice to defendant his appeal was dismissed for failure to file a brief on appeal.

Section 29-1804.03, R. S. Supp., 1972, specifically provides that a public defender may apply to the court to withdraw from representation of a defendant on appeal when he deems such appeal to be wholly frivolous. In Anders v. California, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493, in respect to withdrawal of counsel under similar circumstances, it was held: "* * * if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court - not counsel - then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw * * *." In the present instance the statute and the "Anders" requirements have been fully complied with. The appeal is frivolous.

In regard to the criticism of the sentence imposed, we have previously held that: "Sentences imposed within statutory limits furnish no basis for post conviction relief." State v. Birdwell, 188 Neb. 116, 195 N. W. 2d 502.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.