STATE OF NEBRASKA, APPELLEE, v. LAWRENCE MILES, APPELLANT.

230 N. W. 2d 227

Filed June 12, 1975. No. 39941.

Lawrence Miles, pro se.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an appeal from the denial of post conviction relief. Two alleged errors are assigned: (1) The sentencing judge erred in failing to honor a negotiated plea bargain for an 18-months' sentence; and (2) the sentence imposed on the defendant is contrary to section 83-1,105 (1), R. S. Supp., 1974. We affirm.

Defendant, who had a previous felony record, pled guilty to forcibly breaking and entering a certain dwelling house. The plea was entered pursuant to a plea bargain whereby the county attorney agreed to recommend a sentence not to exceed 18 months and not to file an habitual criminal charge. Defendant was represented by counsel at all stages of the District Court proceedings. Previous to arraignment defendant executed an affidavit in which he expressed his satisfaction with the services of his counsel; acknowledged the steps taken on his behalf; and specifically stated: "I further understand that such plea bargain agreement would in no way be binding upon the Court, and that the Court could

impose any other or further legal judgment and sentence in this matter."

On arraignment defendant was specifically asked by the court if he understood that any plea bargain made was not in any way binding upon the court. Defendant responded in the affirmative. The county attorney fully performed his part of the plea bargain and recommended that any sentence imposed on the defendant not exceed 18 months. The trial court advised the defendant that he was not bound to follow the plea agreement and asked him if he still desired the court to accept his plea of guilty. The defendant replied in the affirmative. After receiving and reviewing a presentence report, the trial court sentenced defendant to imprisonment in the Nebraska Penal and Correctional Complex for a period of not less than 2 nor more than 4 years. Defendant did not appeal, but now attempts to attack the sentence by a post conviction proceeding.

Defendant, relying on Santobello v. New York (1971), 404 U. S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427, argues the trial court committed error in failing to honor the sentence portion of the plea bargain. What defendant overlooks is that the holding in Santobello refers only to the parties to the agreement, not to the court. Here, the court specifically advised the defendant that it was not bound by the plea bargain and asked the defendant if he still wished to enter his guilty plea. Defendant also had been advised by counsel that the court would not be bound by the recommendation of the county attorney. There is no merit to this assignment.

Defendant has a record of previous felony convictions. He has spent time in five different penal institutions. At the time of the commission of the offense herein, he was on parole from the Kansas Penal Complex. The sentence imposed was very lenient for one with defendant's record. The maximum penalty for the offense is 10 years. The trial court did not abuse its discretion in

imposing a sentence of 2 to 4 years in the Nebraska Penal and Correctional Complex.

Defendant's second assignment of error is that the sentence imposed is in violation of the limitation imposed by section 83-1,105 (1), R. S. Supp., 1974, which provides that in imposing an indeterminate sentence on the offender the court may: "Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law; * * *."

Matters relating to sentences imposed within statutory limits are not a basis for post conviction relief. State v. Birdwell (1972), 188 Neb. 116, 195 N. W. 2d 502. "Relief under the Post Conviction Act is limited to cases in which there was a denial or infringement of the rights of the prisoner such as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States." State v. Bullard (1971), 187 Neb. 334, 190 N. W. 2d 628.

The defendant's contention was previously answered in State v. Suggett (1973), 189 Neb. 714, 204 N. W. 2d 793. There we determined the limitation upon the minimum term specified in section 83-1,105 (1), R. S. Supp., 1974, is the maximum sentence provided by law and not the maximum sentence imposed by the court. The statutory maximum for the offense herein is 10 years. The 2-year minimum imposed is well within that limitation.

The judgment of the District Court is affirmed.

AFFIRMED.