STATE OF NEBRASKA, APPELLEE, V. RICHARD GERALD DELOA, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. TONY ALAN HUERTA, APPELLANT.

231 N. W. 2d 357

Filed July 3, 1975. Nos. 39924, 39925.

Richard Gerald DeLoa and Tony Alan Huerta, pro se.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

The defendants were jointly tried and convicted of robbery and were sentenced to terms of 9 to 20 years imprisonment in the Nebraska Penal and Correctional Complex. On appeal to this court, the judgments were affirmed. See, State v. Huerta, 191 Neb. 280, 214 N. W. 2d 613 (1974); State v. DeLoa, 191 Neb. 290, 214 N. W. 2d 621 (1974). They now appeal from the order of the District Court denying their respective post conviction motions to vacate and set aside their judgments and sentences on the ground that in each case the court imposed minimum sentence exceeds the statutory requirement of one-third of the maximum sentence when imposing an indeterminate sentence under section 83-1,105, R. S. Supp., 1974. We affirm.

Defendants have failed to allege or demonstrate any infringement of constitutional rights necessary for relief under the Nebraska Post Conviction Act, sections 29-3001 et seq., R. S. Supp., 1974. See State v. Whited, 187 Neb. 592, 193 N. W. 2d 268 (1971). Section 28-414, R. R. S. 1943, provides that one convicted of robbery may be imprisoned for a term of not less than 3 years

nor more than 50 years. Defendants' sentences are clearly within the statutory limits. We have uniformly held that matters relating to sentences imposed within statutory limits are not a basis for post conviction relief. State v. Miles, *ante* p. 128, 230 N. W. 2d 227 (1975); State v. Taylor, 193 Neb. 388, 227 N. W. 2d 26 (1975); State v. Birdwell, 188 Neb. 116, 195 N. W. 2d 502 (1972). We also note that defendant, DeLoa, raised the same issue in his first appeal that he now raises in this post conviction appeal. Our opinion in State v. DeLoa, *supra,* contains the following statement: "Defendant's contention that the minimum sentence imposed by the court cannot exceed one-third of the maximum sentence imposed by the court was answered in State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793." It still is. See State v. Wade, 192 Neb. 159, 219 N. W. 2d 233 (1974).

AFFIRMED.