239 N.W.2d 258 (1976)
195 Neb. 53
NEBRASKA CHILDREN'S HOME SOCIETY, Appellee,
v.
Hattie B. COLLINS, Appellant,
Impleaded with William E. Collins, Appellee.
No. 40145.
Supreme Court of Nebraska.
March 4, 1976.
*259 Vard R. Johnson, Glenn H. Stevens, G. Elizabeth Otte, Omaha, for appellant.
Craig W. Thompson, Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Omaha, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON and BRODKEY, JJ.
BRODKEY, Justice.
This is an appeal from an order of the District Court for Douglas County in a habeas corpus action commenced by Nebraska Children's Home Society against Hattie B. Collins and William E. Collins, respondents, to recover custody and possession of a minor child, Shawneewa Danielle McLucas, also known and referred to as Angela Collins. Following a hearing held on April 4, 1975, the court found that the Nebraska Children's Home Society was the legal guardian and had the right to "custody, power and control" over Shawneewa, and ordered her delivered forthwith to the custody of the Nebraska Children's Home Society. On April 28,1975, Hattie B. Collins, as next friend of the minor child and for and on her behalf, filed a motion for a new trial, about which more will be said later on in this opinion. The District Judge overruled the motion for new trial and an appeal was then taken to this court. We affirm the decision of the District Court with certain precatory comments.
This case comes to us with the following factual background. Shawneewa Danielle McLucas was born out of wedlock to one Princella McLucas on April 16, 1970. On November 24, 1972, Princella McLucas, the natural mother, executed a relinquishment of the child to the Nebraska Children's Home Society, providing, among other things: "I do hereby voluntarily relinquish to the Nebraska Children's Home Society all right to and custody of and power and control over the said Shaweenwa Danielle McLucas * * * to the end that said Society may become the legal guardian of said child and do authorize the said Society to place said child in a suitable family home during minority and to consent to and procure *260 the adoption of said child by any person deemed by said Society to be fitted to become the guardian of said child." On June 28,1973, Clark Dean Long, the biological father of the child, also executed an identical relinquishment to the society. We take judicial notice of the fact that the Nebraska Children's Home Society is, and for many years has been, a licensed child placement agency in Nebraska. At the habeas corpus hearing, a case worker for the society testified that the Nebraska Children's Home Society was the legal guardian of the child; and the court so found in its decree. There is no showing in the record, however, by what means, manner, or proceedings the society became the legal guardian of the child; but, in any event, there is no question that the society obtained legal custody of the child by virtue of the aforesaid relinquishments. In November 1972, the society placed the child in the home of Hattie B. Collins and William E. Collins on a foster home basis. This was later changed to an adoptive parent arrangement. The child remained in their home until the trial of the habeas corpus action on April 4', 1975, at which time the child was approximately 5 years of age. At no time during the entire period that the child was in the possession of the Collinses did they take any action to adopt her. An investigation by the society revealed that Mr. and Mrs. Collins were having marital problems, and that Mrs. Collins had filed a petition for dissolution of the marriage on March 6, 1975. This caused the society some concern, and it requested the Collinses to come in and discuss the matter with them. The Collinses failed or refused to do so, whereupon the society decided to regain possession of Shawneewa, and filed the habeas corpus action.
The trial in the habeas corpus matter was held on April 4, 1975, on which date the court announced its decision and made a docket entry reflecting that Hattie B. Collins had appeared at the hearing with counsel and with the minor child, and that evidence was adduced by both parties, and the child ordered delivered to the petitioner. The court also directed that a formal order be submitted. The transcript reflects that the signed order was received by the journal clerk and recorded on April 9, 1975. So far as revealed by the record, nothing further transpired in the matter until April 28, 1975, or approximately 24 days after the date of the hearing and order of the court, at which time there was filed what is entitled a "Motion for a New Trial." The opening paragraph of that motion reads as follows: "Comes now Shawneewa Danielle McLucas, also known as Angela Collins, by her next friend Hattie B. Collins and for her motion states * * *." The substance of the motion was that Shawneewa was a 5-year-old minor child who was the subject of the habeas corpus action tried to the court on April 4, 1975. That she was not represented at the hearing, and that Hattie was filing the motion out of time, pursuant to sections 25-1142 and 25-1143, R.R.S.1943, for the reason that she was "unavoidably prevented" from filing it on time. The society filed objections to the motion. After hearing on the motion and objections, the court overruled it.
At no time did Hattie file a motion for a new trial on her own behalf, although she did file notices of appeal to this court, both for herself, and subsequently also for Shawneewa Danielle McLucas, also known as Angela Collins. Both notices of appeal were prepared and signed by the same counsel, who, however, was not the attorney who represented the respondents in the habeas corpus hearing.
The rule is that the procedure to obtain a review in this court of a final order made by a District Court or Judge in a proceeding in habeas corpus must be such as is required to be followed for a like purpose in civil actions. State v. Decker, 11 Neb. 33, 108 N.W. 157 (1906). Section 25-1143, R.R.S.1943, provides that the application for a new trial must be made within 10 days after the verdict, report, or decision was rendered, except where unavoidably *261 prevented, or on the grounds of newly discovered evidence. There is no claim of newly discovered evidence; and the alleged basis for the late filing, as contained in the motion for new trial filed by Hattie B. Collins on behalf of the child, is that she was "unavoidably prevented" from filing it on time for various reasons set out, none of which deals specifically with the reason the motion could not just as easily have been filed within the 10-day period provided by statute. There is no supporting affidavit or other proof in connection with the motion for new trial in any way establishing an excuse for the late filing, or explaining why such occurred. Since the motion for the new trial was filed by Hattie B. Collins, herself, as next friend of the child, it is difficult to perceive why that same motion could not have been prepared and filed by her within the 10-day period, as she obviously was fully acquainted with what had occurred in the prior proceedings. Also, so far as we are made aware, she was at all times represented by counsel. We conclude there is no showing in the record of any valid reason why Hattie B. Collins was unavoidably prevented from filing the motion for a new trial as next friend of the child within the time provided by statute.
The words "unavoidably prevented" refer to circumstances beyond the control of the party desiring to file a pleading in our courts. The law requires diligence on the part of clients and attorneys and the mere neglect of either will not enable a party to relief on that ground. Community Credit Co. v. Gillham, 191 Neb. 198, 214 N.W.2d 384 (1974); Vacek v. Marburger, 188 Neb. 180, 195 N.W.2d 515 (1972).
We also note, in connection with the efforts of Hattie B. Collins to bring the child into the litigation at this late stage, that there is nothing of record to indicate she made any effort to have herself appointed as guardian ad litem for the child for that purpose, or to intervene in the proceedings as "next friend," or to have the pleadings on appeal amended to reflect the addition of the name of the child as a party, or to substitute the child as a party.
A motion for a new trial which is not filed within the time specified by statute is a nullity and of no force and effect. Neudeck v. Buettow, 166 Neb. 649, 90 N.W.2d 254 (1958). It is the rule that this court will not review alleged errors occurring during the trial of a cause in the District Court, unless a motion for a new trial was made in that court and a ruling obtained thereon. In a law action, where no motion for a new trial is filed, this court on appeal will examine the record only for the purpose of determining whether or not the judgment is supported by the pleadings. In the absence of a motion for a new trial, where a judgment is sustained by the pleadings it will ordinarily be affirmed. Lincoln Nat. Bank & Trust Co. v. School Dist. No. 41,131 Neb. 773, 270 N.W. 311 (1936); Wellensiek v. Britza, 117 Neb. 52, 219 N.W. 808 (1928). The pleadings in the habeas corpus proceeding in this case are in the usual form, and are sufficient to sustain the order of the court. The decision of the court must therefore be affirmed.
However, we believe some additional remarks are warranted at this point. It appears to be the principal contention of the appellant that the trial court in the habeas corpus proceeding based its decision exclusively on the right to custody and possession of the child by the society because of the fact there was evidence it was her legal guardian, and had been given her custody by the biological parents. It is appellant's claim that the hearing should have been conducted and decided solely upon the issue of what was in the best interests of the child, and that this was not done. There is evidence in the record that during the approximately 2 years the child was in the Collinses' home, Hattie B. Collins took exceptionally fine care of the child, and nursed her from sickness to excellent health. There is no doubt that she has developed a deep love and affection for the child, and it is altogether possible the child apparently looks upon Hattie as her natural *262 mother. It was undoubtedly a traumatic experience for Shawneewa to be wrenched from that environment and taken to a strange place, although in some instances it still may be in the best interests of a child to do so. We do not pass upon this issue. The child has already been returned to the society. Frequent moves of a child in these circumstances are universally recognized as being undesirable, and harmful to the child. We do not know the status of the divorce action between the Collinses; but in his oral argument to this court, counsel for Hattie B. Collins assured the court that Hattie intended to apply to adopt the child. This would appear to be a felicitous solution to her problem, affording her what she claimed was missing in the original habeas corpus proceeding, a hearing on the best interests of the child. Our adoption statutes require that in an adoption hearing, the decision as to whether or not to permit adoption is made by the court on the basis of the best interests of the child. S. 43-109, R.R.S.1943. In the event of an adoption proceeding in this case it would be possible, and perhaps desirable, to have a guardian ad litem or attorney appointed to represent the interests of the child. Also, at such hearing the issue of whether or not the society is arbitrarily withholding consent to Hattie B. Collins to adopt the child, if such issue should arise, could be explored, and a decision made. 2 Am.Jur.2d, Adoption, § 39, pp. 891, 892. This procedure would seem to be a desirable solution to appellant's problems, and one which involves less danger of further trauma to the child. We recommend its consideration.
For reasons heretofore expressed we affirm the decision of the District Court.
Affirmed.
CLINTON, Justice (concurring).
I concur in the majority opinion except for the "additional remarks." It is not appropriate for this court, under the circumstances of this case, to suggest views as to what one of the parties ought to do next.
SPENCER, J., joins in this concurrence.
McCOWN, Justice (concurring specially).
The District Court order to deliver the child to the plaintiff rests solely on a finding that the plaintiff society was her legal guardian. The Nebraska Children's Home Society is a licensed child placement agency, which held custody and possession of the child here for the purpose of adoption. Where a licensed child placement agency places a child with prospective adoptive parents for the purpose of adoption, it cannot arbitrarily and unreasonably terminate that placement merely by asserting and proving that it is still the legal guardian. The District Court here proceeded upon the assumption that proof of legal guardianship was alone sufficient to terminate a placement for adoption and require the delivery of the child in a habeas corpus proceeding. That assumption was incorrect. In such a case there must be also some evidence of reasonable grounds for terminating a placement for adoption by a licensed placement agency in this state.
BOSLAUGH, J., joins in this concurrence.