786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE WILLIAM IRVIN, Petitioner-Appellant,
v.
AL C. PARKE and STEVEN BESHEAR, ATTORNEY GENERAL,
Respondents-Appellees.
 85-5935
 United States Court of Appeals, Sixth Circuit.
 2/11/86
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges and CHURCHILL, District Judge*.
 
 
 3
 This matter is before the Court on consideration of appellant's motion for appointment of counsel on appeal from the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Appellant was convicted of robbery in Kentucky in 1982. That conviction and five convictions from 1978 were the basis of a presistent felony offender charge against appellant, to which he pleaded guilty. By his petition for a writ of habeas corpus, appellant attacks the five 1978 convictions as being based on invalid pleas of guilty.
 
 
 5
 The first argument presented by appellant in his habeas petition is that the attorney who represented him during the plea proceedings in 1978 rendered ineffective assistance of counsel because: 1) the attorney allegedly advised appellant that he would receive a 3 year sentence on all of the 1978 charges and only serve 11 months and 2) the attorney was permitted to withdraw before the plea was taken and sentence imposed. As to the first of these issues, the record reflects that appellant and his attorney signed the plea agreement on April 21, 1985. The agreement clearly shows that the recommended sentence was 3 years on each of the five counts and that the trial judge was not bound to accept that recommendation. A subjective belief that a lenient sentence will be imposed, on a guilty plea, even if that belief is based on an erroneous estimation by counsel does not invalidate a guilty plea. Miles v. Parratt, 543 F.2d 638 (8th Cir. 1976); see also Stout v. United States, 508 F.2d 951 (6th Cir. 1975); Ray v. Rose, 535 F.2d 966 (6th Cir.), cert. denied, 429 U.S. 1026 (1976). It is equally evident that assuming appellant's attorney did misinform him, such misinformation does not render the attorney's assistance ineffective. See Hill v. Lockhart, 54 U.S.L.W. 4006 (U.S. November 19, 1985).
 
 
 6
 Appellant also argues that his lawyer rendered ineffective assistance because he was permitted to withdraw as counsel of record before the plea was entered. This argument must fail. The record clearly establishes that the lawyer continued represent appellant through the plea proceedings. It is difficult to conclude that the technical withdrawal prejudiced appellant, as required by Hill v. Lockhart, supra, so as to render the attorney's assistance ineffective.
 
 
 7
 Appellant's second contention that the trial court erred in refusing to accept testimony at the hearing on the motion to vacate concerning the issue of ineffective assistance of counsel appears to have been abandoned on appeal. The Kentucky Court of Appeals concluded that such testimony should have been permitted but that any error in this regard was harmless because appellant effectively abandoned his attack by pleading guilty to the 1982 PFO charge which included the 1978 convictions as an essential element. It has long been determined in Kentucky that collateral attacks on the underlying convictions upon which a PFO charge are based must be made at the PFO trial. See Copeland v. Commonwealth, 415 SW2d 842 (Ky. 1967); Ray v. Commonwealth, 633 SW2d 71 (Ky. App. 1982). It was on this basis that the district court concluded that, since appellant did not attack the underlying 1978 convictions at the PFO proceedings, but rather pleaded guilty to the PFO charge, habeas relief was barred absent a showing of cause and prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977); Leroy v. Marshall, 757 F.2d 94 (6th Cir. 1985). The district court correctly concluded that appellant simply failed to show any cause for failing to attack the 1978 convictions at the PFO proceedings in 1982. Having so failed, appellant's petition was properly dismissed.
 
 
 8
 It appears that the questions on which this cause depends are so unsubstantial as to not need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for appointment of counsel be denied and the final judgment of the district court be affirmed.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation