STATE OF NEBRASKA, APPELLEE, v. HUBERT W. FINCHER, APPELLANT.

216 N. W. 2d 172

Filed March 7, 1974.   No. 39277.

Hubert W. Fincher, pro se.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and COLWELL and WARREN, District Judges.

WARREN, District Judge.

The defendant was convicted by a jury and sentenced to a term of 15 to 20 years for the crime of assault with intent to commit great bodily injury, occurring on September 29, 1970.  On direct appeal, the conviction was affirmed.  State v. Fincher, 188 Neb. 376, 196 N. W. 2d 909 (1972).  Defendant then appealed from denial of post conviction relief alleging two grounds for relief: (1) The propriety of jury instructions on an insanity defense; and (2) claimed ineffectiveness of counsel.  This court affirmed the trial court's action in overruling defendant's motion to vacate the conviction.  State v. Fincher, 189 Neb. 746, 204 N. W. 2d 927 (1973).

The defendant then filed a petition for a writ of habeas corpus in the United States District Court for the District of Nebraska alleging the two grounds above

enumerated, together with an additional third ground involving alleged failure of the trial court to hold a hearing on defendant's competency to stand trial pursuant to Pate v. Robinson, 383 U. S.. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966). The federal district court then refused to exercise its power until defendant had complied with the exhaustion requirements of 28 U. S. C., § 2254 (b), as to the third ground, and dismissed defendant's habeas corpus petition without prejudice to later refiling. Fincher v. Wolff, 73-L-155 (U. S. D. C. Neb., 1973).

Defendant then filed another motion to vacate and set aside his conviction and sentence, which was summarily overruled by the trial court, and defendant now returns to this court with his second post conviction appeal.

Most appropriate to this fact situation are the statements of this court in State v. Reichel, 187 Neb. 464, 191 N. W. 2d 826 (1971): "There ought to be some final end to litigation in a criminal case. * * * There is no justification for allowing a prisoner to continue litigation endlessly by piecemeal post conviction attacks on his conviction and sentence. * * *

"After a first motion for post conviction relief has been judicially determined, any subsequent motion for post conviction relief from the same conviction and sentence may be dismissed by the district court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for post conviction relief." See, also, State v. Smith, 188 Neb. 388, 196 N. W. 2d 918 (1972).

The additional ground for relief now urged by defendant was clearly available at the time of his first post conviction proceeding.

Defendant seeks on his third appearance in this court to exhaust his state remedies. He now has.

The action of the District Court was correct and is affirmed.

AFFIRMED.