STATE OF NEBRASKA, APPELLEE, V. MAX A. NIEMANN,
APPELLANT.
240 N. W. 2d 38

Filed March 25, 1976. No. 40368.

Richard T. Vanderheiden of Phares, Torpin & Vander-
heiden, for appellant.

Paul L. Douglas, Attorney General, and Paul W.
Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.
The defendant was originally charged with first de-
gree murder and pled guilty to a reduced charge of
second degree murder. The District Court sentenced
the defendant to an indefinite term of 20 years to life
imprisonment in the Nebraska Penal and Correctional
Complex. No appeal was taken. On November 22,
1971, the defendant sought relief under the Post Con-
viction Act by filing a motion to vacate and set aside.
After a hearing, the defendant's request for post con-
viction relief was denied. No appeal from this decision
was taken. On May 19, 1975, the defendant sought post
conviction relief a second time, alleging that the sen-
tence imposed upon him was illegal. After a hearing,
the court denied the defendant's application for relief.
This appeal follows. We affirm the judgment and sen-
tence of the District Court.

"After a first motion for post conviction relief has
been judicially determined, any subsequent motion for
post conviction relief from the same conviction and sen-

tence may be dismissed by the District Court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for post conviction relief." State v. Fincher, 191 Neb. 446, 216 N. W. 2d 172 (1974). See, also, State v. Haskett, 194 Neb. 523, 233 N. W. 2d 782 (1975). A post conviction proceeding cannot be used as a procedure to secure a review for a defendant dissatisfied with his sentence. State v. Huffman, 186 Neb. 809, 186 N. W. 2d 715 (1971).

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.