STATE OF NEBRASKA, APPELLEE, v. JOE MARIO RIVERA, APPELLANT.

249 N. W. 2d 914

Filed February 9, 1977. No. 40929.

John R. Hall of McDermott & Hall, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Joe Mario Rivera, appeals from the over-

ruling of his motion for post conviction relief after an evidentiary hearing. The issue presented was whether the indeterminate sentence imposed on defendant was erroneous. We affirm.

On December 10, 1970, defendant was sentenced to a term of 15 to 25 years in the Nebraska Penal and Correctional Complex. He had been convicted of second-degree murder after a jury trial. Defendant waived his right to appeal and was committed to the Penal Complex.

On April 26, 1976, defendant filed a motion for post conviction relief, urging the invalidity of the sentence imposed upon him. An evidentiary hearing was held May 26, 1976, and the motion was overruled by the court.

The indeterminate sentence statute in effect December 10, 1970, when defendant was sentenced, section 83-1,105, R. S. Supp., 1969, read in part as follows: "Except where a term of life is required by law, every person convicted of a criminal offense may, in the court's discretion, be given an indeterminate sentence. In imposing an indeterminate sentence upon the offender, the court may:

"(1) Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law and the maximum limit shall not be greater than the maximum provided by law; * * *."

Under section 28-402, R. R. S. 1943, the penalty for second-degree murder is imprisonment for "not less than ten years, or during life." The plain language of section 83-1,105, R. S. Supp., 1969, indicates an indeterminate sentence could properly be imposed on December 10, 1970, since a term of life imprisonment was not required by law upon conviction for second-degree murder.

Prior to the enactment of section 83-1,105 in 1969, the indeterminate sentence statute excepted crimes of

violence from its provisions. After defendant was sentenced, section 83-1,105 was again amended. The 1972 amendment provided that the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law. We have held the 1972 amendment of section 83-1,105 made it inapplicable in cases of second-degree murder. See State v. Suggett, 189 Neb. 714, 204 N. W. 2d 793 (1973).

It was not until the 1972 amendment that the problem arose of how to determine one-third of a life sentence. In 1973, in Suggett, we held second-degree murder convictions were not subject to indeterminate sentencing. Here, however, the indeterminate sentence was imposed under the applicable statute in force at that time, December 10, 1970. The statute then required a minimum of 10 years, with a maximum of life. As we interpret that statute, it was possible to give an indeterminate sentence. The sentence imposed herein was 15 to 25 years. We hold the defendant was properly sentenced under the statute in force at the time of the sentence.

Where a sentence is imposed within prescribed statutory limits, the validity of the sentence is not a matter of post conviction relief. State v. DeLoa, 194 Neb. 270, 231 N. W. 2d 357 (1975).

Post conviction relief is not available to the defendant herein on the issue raised. The judgment is affirmed.

AFFIRMED.