Max A. NIEMANN, Appellant,

v.

Robert PARRATT, Warden of the Nebraska Penal and Correctional Complex, Appellee.

No. 78–1783.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1979.

Decided April 6, 1979.

Richard T. Vanderheiden of Phares, Torpin & Vanderheiden, Central City, Neb., for appellant.

Paul L. Douglas, Atty. Gen. and Paul W. Snyder, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and BOGUE,* District Judge.

STEPHENSON, Circuit Judge.

On this appeal from the district court's[1] denial of his petition for habeas corpus, petitioner Max A. Niemann claims that his indeterminate sentence of 20 years to life imprisonment is illegal and void as it is not authorized by Nebraska law. We disagree, and consequently affirm the district court.

On October 20, 1970, Niemann entered a plea of guilty in Boone County, Nebraska, to the charge of second degree murder. On that same day he received an indeterminate sentence of 20 years to life imprisonment. On November 22, 1971, Niemann filed for post-conviction relief under the Nebraska Post-Conviction Act. Neb.Rev.Stat. § 29–3001. After an evidentiary hearing relief was denied. No appeal was taken from that decision. On May 19, 1975, Neimann filed a second motion for post-conviction relief, alleging for the first time that the sentence imposed was illegal. The state district court denied the petition and the Nebraska Supreme Court affirmed without

addressing the merits of his claim. *State v. Niemann*, 195 Neb. 675, 240 N.W.2d 38 (1976).

Niemann then filed a habeas corpus petition in federal district court asserting the illegality of the state sentence. Initially, the district court ruled that Niemann had exhausted his state remedies, and the state has not challenged that finding. The district court further held that the sentence imposed was not illegal under Nebraska law, and accordingly denied the petition for habeas corpus. This appeal followed.

■ Although rules of sentencing adopted by state courts do not ordinarily raise constitutional issues cognizable in a habeas corpus proceeding, it has been recognized that in an exceptional case habeas relief may be granted. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Stiltner v. Rhay*, 258 F.Supp. 487, 491 (E.D.Wash. 1965), *aff'd*, 367 F.2d 148 (9th Cir.), *cert. denied*, 385 U.S. 941, 87 S.Ct. 310, 17 L.Ed.2d 220 (1966). Therefore, we must examine the merits of Niemann's contentions.

Neb.Rev.Stat. § 28–402 provides in part that one convicted of second degree murder "shall be imprisoned in the Nebraska Penal and Correctional Complex not less than ten years, or during life." The indeterminate sentence statute, Neb.Rev.Stat. § 83–1,105, in effect at the time of Niemann's sentencing, read in part:

> Except where a term of life is required by law, every person convicted of a criminal offense may, in the court's discretion, be given an indeterminate sentence. In imposing an indeterminate sentence upon the offender, the court may:

> (1) Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law and the maximum limit shall not be greater than the maximum provided by law[.]

---

* The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Robert V. Denney, United States District Judge for the District of Nebraska.

It is clear from a literal reading of the above statutes that section 83–1,105 could be applied in a sentencing for second degree murder because it is not a crime "where a term of life is required by law." *See State v. Rivera*, 197 Neb. 629, 249 N.W.2d 914, 915 (1977).

Niemann relies on the Nebraska Supreme Court cases of *State v. Laravie*, 192 Neb. 625, 223 N.W.2d 435 (1974), and *State v. Suggett*, 189 Neb. 714, 204 N.W.2d 793 (1973), for the proposition that an indeterminate sentence may not be imposed for the crime of second degree murder. These cases, however, involved interpretations of section 83–1,105 as it was amended in 1972. Niemann was sentenced on October 26, 1970. Section 83–1,105 as amended in 1972 provides:

> Except where a term of life is required by law, in imposing an indeterminate sentence upon the offender, the court may:
>
> (1) Fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law *nor more than one-third of the maximum term*, and the maximum limit shall not be greater than the maximum provided by law[.] [Emphasis added.]

It was the addition of the provision which requires the minimum portion of the indeterminate sentence to be no more than one-third of the maximum term allowable which led the Nebraska Supreme Court to hold in *Suggett* and *Laravie* that an indeterminate sentence could not be imposed upon a defendant convicted of a crime for which a life sentence is authorized. That the 1972 amendment was crucial to the court's holdings in *Suggett* and *Laravie* is apparent from the Nebraska Supreme Court's Disposition of a subsequent case very similar to the present case. In *State v. Rivera, supra*, 249 N.W.2d 914, the defendant was sentenced in 1970 to an indeterminate term of 15 to 25 years. In addressing Rivera's claim that his sentence was invalid, the court applied the version of section 83–1,105 which was in effect at the time he was sentenced. This was the same version in effect at the time of Niemann's sentencing. The court stated:

> Prior to the enactment of section 83–1,-105 in 1969, the indeterminate sentence statute excepted crimes of violence from its provisions. After defendant was sentenced, section 83–1,105 was again amended. The 1972 amendment provided that the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law. We have held the 1972 amendment of section 83–1,105 made it inapplicable in cases of second-degree murder. See *State v. Suggett*, 189 Neb. 714, 204 N.W.2d 793 (1973).
>
> It was not until the 1972 amendment that the problem arose of how to determine one-third of a life sentence. In 1973, in *Suggett*, we held second-degree murder convictions were not subject to indeterminate sentencing. Here, however, the indeterminate sentence was imposed under the applicable statute in force at that time, December 10, 1970. The statute then required a minimum of 10 years, with a maximum of life. As we interpret that statute, it was possible to give an indeterminate sentence. The sentence imposed herein was 15 to 25 years. We hold the defendant was properly sentenced under the statute in force at the time of the sentence.

*Id.* at 915–16.

▉ A state court is accorded a large measure of discretion in interpreting its own laws and in deciding the time from which a new legal principle is deemed to be controlling. *See Brady v. Superintendent*, 443 F.2d 1307, 1313 (4th Cir. 1971). We are satisfied that the Nebraska Supreme Court did not commit constitutional error in ruling that the pre–1972 version of section 83–1,105 permitted indeterminate sentences for defendants convicted of second degree murder. Nor is it impermissible to apply the pre–1972 version of section 83–1,105 to all defendants sentenced prior to enactment of the 1972 amendment. *See Meeks v.*

*Jago,* 548 F.2d 134, 138 (6th Cir. 1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977).

Niemann's only claim that is not directly disposed of by *State v. Rivera, supra,* is that his sentence is in conflict with Neb.Rev. Stat. § 82–1,107, which specifies the method for reduction of sentences for good behavior.[2] This section provides in pertinent part:

> (1) The chief executive officer of a facility shall reduce, for parole purposes, for good behavior and faithful performance of duties while confined in a facility the term of a committed offender as follows: Two months on the first year, two months on the second year, three months on the third year, four months for each succeeding year of his term and pro rata for any part thereof which is less than a year. In addition, for especially meritorious behavior or exceptional performance of his duties, an offender may receive a further reduction, for parole purposes, not to exceed five days, for any month of imprisonment. The total of all such reductions shall be deducted:
>
> (a) From his minimum term, to determine the date of his eligibility for release on parole; and
>
> (b) From his maximum term, to determine the date when his release on parole becomes mandatory under the provisions of section 83–1,111.

Niemann argues that an indeterminate sentence with life as the maximum conflicts with section 83–1,107 because it is impossible to deduct good behavior credits from a life sentence for purposes of determining when release on parole becomes mandatory. However, this same problem would be encountered on all life sentences, not just those in which life imprisonment is the maximum part of an indeterminate sentence. Niemann apparently does not contend that a straight life sentence would

have been illegal, nor would such a contention be successful. Since a straight life sentence was authorized by the Nebraska statute, it follows that the district court possessed the power to specify a minimum sentence with the exact time of parole, if any, left to the discretion of the parole board. *Cf. State v. Thompson,* 189 Neb. 115, 201 N.W.2d 204, 205 (1972) (implied that an indeterminate sentence of 10 years to life is permissible). We conclude that Niemann's Eighth and Fourteenth Amendment rights were not violated by imposing an indeterminate sentence with life imprisonment as the maximum term.

Affirmed.

---

**2.** Niemann also argues that making the minimum part of his indeterminate sentence 20 years rather than the statutory minimum of 10 years violated his rights under the Eighth and Fourteenth Amendments by increasing the length of his sentence after commission of the crime. This argument overlooks the fact that

under Neb.Rev.Stat. § 28–402 a straight sentence of 20 years is authorized. Therefore, the imposition of a 20 year minimum sentence was within the sentencing discretion of the district court. *See State v. Rivera, supra* (15 year minimum sentence); Neb.Rev.Stat. § 83–170(5).