899 F.2d 14
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Lee MOORE, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 89-6319.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1990.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and ROBERT E. DEMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner has filed a motion for appointment of counsel in this appeal from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Gary Lee Moore was convicted on one count of assault to commit involuntary manslaughter, one count of assault with intent to commit first degree murder, one count of assault with intent to commit second degree murder, and one count of intent to commit a felony, i.e. grand larceny. He was sentenced to serve a thirty-six year term of imprisonment.
 
 
 4
 In his application for federal habeas relief, Moore claimed insufficient evidence to support the convictions. Moore also challenged the state court's authority to resentence him, two years after his original sentencing, to a term longer than that first imposed.
 
 
 5
 Upon review, we conclude that the petition was properly dismissed. First, Moore's challenges to his resentencing are not cognizable under 28 U.S.C. Sec. 2254. He failed to allege exceptional circumstances or that the sentence exceeded statutory maximums. See Niemann v. Parratt, 596 F.2d 316, 317 (8th Cir.1979); Stevens v. Warden, Md. Penitentiary, 382 F.2d 429, 433 (4th Cir.1967), cert. denied, 390 U.S. 1031 (1968).
 
 
 6
 Second, Moore's claim of insufficient evidence lacks merit. Moore essentially challenged the inferences made by the reviewing state court. He does not argue that the trial transcript lacks supporting evidence but that the testimony should not have been believed. The state court findings are entitled to a presumption of correctness unless the petitioner shows by convincing evidence that the facts are erroneous. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985). Moreover, credibility determinations of the state court are entitled to special deference. Patton v. Yount, 467 U.S. 1025, 1038 (1984). Review of the trial transcripts is not required because Moore did not show that the findings were not "resolved" or "adequately developed," or the state court's fact finding procedures were not "fair" or lacked "due process," or that the state record does not support the facts as found. See 28 U.S.C. Sec. 2254(d); McMillan v. Barksdale, 823 F.2d 981, 983-84 n. 3 (6th Cir.1987).
 
 
 7
 Third, the evidence was sufficient to support the convictions under the standard of Jackson v. Virginia, 443 U.S. 307, 326 (1979). Under the standard of sufficiency announced in Jackson, the reviewing court considers the evidence in a light favorable to the prosecution and determines whether any reasonable trier of fact could find guilt beyond a reasonable doubt. 443 U.S. at 319. Circumstantial evidence may support the conviction, see Wiley v. Sowders, 669 F.2d 386, 390 (6th Cir.1982) (per curiam); and such evidence need not remove every reasonable hypothesis except that of guilt. See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). The state court's summary of the facts supports Moore's convictions.
 
 
 8
 Finally, this court need not address Moore's claim of ineffective assistance of counsel. He did not raise this claim in the district court; he may not introduce a new issue on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 9
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation