Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/09/2023 08:07 AM CST

STATE OF NEBRASKA, APPELLEE, V.
NATHAN V. HARMS, APPELLANT.

___ N.W.2d __

Filed November 9, 2023.    No. S-22-393.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Judgments: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling.

3. **Postconviction: Mental Competency.** A procedural bar can apply to an issue of competence in a postconviction proceeding.

4. **Postconviction: Appeal and Error.** A motion for postconviction relief cannot be used to secure review of issues that were known to the defendant and which were or could have been litigated on direct appeal.

5. **Trial: Pleas: Mental Competency.** A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense.

6. **Trial: Mental Competency.** The competency standard includes both (1) whether the defendant has a rational as well as factual understanding of the proceedings against him or her and (2) whether the defendant has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding.

7. **Mental Competency.** There are no fixed or immutable signs of incompetence, and a defendant can meet the modest aim of legal competency, despite paranoia, emotional disorders, unstable mental conditions, and suicidal tendencies.

Petition for further review from the Court of Appeals, Pirtle, Chief Judge, and Arterburn and Welch, Judges, on appeal thereto from the District Court for Douglas County, Kimberly Miller Pankonin, Judge. Judgment of Court of Appeals affirmed.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Nathan V. Harms appealed the order of the district court for Douglas County that denied his motion for postconviction relief without an evidentiary hearing to the Nebraska Court of Appeals. The Court of Appeals affirmed the denial, and we granted Harms' petition for further review. Harms seeks review of, inter alia, the Court of Appeals' determination that one of his claims was procedurally barred. We affirm the decision of the Court of Appeals.

## STATEMENT OF FACTS

In 2019, Harms was charged with 10 counts of possession of child pornography. Pursuant to a plea agreement, Harms pled no contest to three counts and the State dismissed the remaining counts. The district court sentenced Harms to imprisonment for 15 to 20 years on each count and ordered the sentences to be served consecutively.

Harms appealed and was represented by new counsel on direct appeal. He claimed that the district court imposed excessive sentences, and he asserted several claims of ineffective assistance of trial counsel. None of the claims of ineffective assistance concerned Harms' competency. The Court of

Appeals rejected Harms' claim of excessive sentences. The Court of Appeals determined that most of Harms' claims of ineffective assistance of trial counsel were without merit, but it determined that one claim potentially had merit but could not be resolved based on the record before it on direct appeal. The Court of Appeals therefore affirmed Harms' convictions and sentences. *State v. Harms*, No. A-19-630, 2020 WL 2754880 (Neb. App. May 20, 2020) (selected for posting to court website).

In July 2021, Harms filed a motion for postconviction relief, the denial of which gives rise to the instant appeal. He asserted various claims for relief, including claims that he was denied due process because (1) he was not competent when he entered his pleas and (2) the district court made an insufficient inquiry into his competence at the plea hearing. He also asserted various claims of ineffective assistance of trial counsel, including failure to investigate his competency to enter his pleas, and he claimed ineffective assistance of appellate counsel for failing to raise these claims of ineffective assistance of trial counsel on direct appeal.

The district court denied Harms' motion for postconviction relief without an evidentiary hearing. The court determined that Harms' due process claims relating to competency were procedurally barred because they could have been raised on direct appeal. Regarding his claim of ineffective assistance of counsel for failing to investigate and challenge competency, the court determined that Harms failed to show that a motion for a competency hearing would have been successful, and it found that his claim that he was not competent to enter his pleas was refuted by the record of the plea colloquy. The court determined that Harms failed to allege sufficient facts to support his remaining claims of ineffective assistance of counsel.

Harms appealed to the Court of Appeals. He claimed that the district court erred when it determined that his due process claims related to competency were procedurally barred. He

also claimed that the district court erred when it rejected four of his claims of ineffective assistance of counsel, including his claim that counsel failed to investigate and challenge his competency. Harms does not seek further review related to claims of ineffective assistance other than the claims related to competency, and therefore, those other claims are not discussed further herein. The Court of Appeals affirmed the decision of the district court. *State v. Harms*, No. A-22-393, 2023 WL 2656390 (Neb. App. Mar. 28, 2023) (selected for posting to court website).

The Court of Appeals first addressed the district court's ruling in which it had determined that because Harms' due process claims relating to lack of competency could have been litigated on direct appeal, they were procedurally barred. The Court of Appeals determined that this ruling did not constitute error. The Court of Appeals cited precedent to the effect that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal. The Court of Appeals noted that Harms relied on the Court of Appeals' decision in *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996), in support of his argument that a procedural bar did not apply to his competency claims. The Court of Appeals rejected this argument.

In *Johnson*, the defendant did not file a direct appeal, but he did file a motion for postconviction relief in which he raised a claim of ineffective assistance of trial counsel based on the allegation that trial counsel failed to properly advise him regarding competency to stand trial. On appeal from the denial of that postconviction relief, the Court of Appeals determined in *Johnson* that trial counsel did not provide ineffective assistance with respect to competence, in part because trial counsel put into evidence a psychiatric report in which the doctor concluded that the defendant was not presently competent to stand trial. The Court of Appeals determined that although counsel was not ineffective, given the existence

of the report and other indications that the defendant was not competent, the trial court had violated the defendant's due process rights when it failed to conduct a full hearing on the defendant's competence. The Court of Appeals therefore concluded that the district court committed plain error when it denied postconviction relief.

In its opinion, the Court of Appeals in *Johnson* acknowledged precedent of this court which "suggest[ed] a procedural default in postconviction proceedings when the issue of competency to stand trial was not raised on direct appeal." 4 Neb. App. at 798, 551 N.W.2d at 757 (citing *State v. Painter*, 229 Neb. 278, 426 N.W.2d 513 (1988), and *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990)). However, the Court of Appeals in *Johnson* cited a string of cases seemingly to the contrary in which this court had considered issues of competency raised in postconviction actions and had not imposed a procedural bar to avoid considering the issue. The Court of Appeals therefore concluded in *Johnson* that "we do not believe the law is that there is a procedural bar in postconviction proceedings of issues relating to competency to stand trial, and we decline to impose such a procedural bar for these issues in this postconviction proceeding." 4 Neb. App. at 801, 551 N.W.2d at 758.

In the present case, the Court of Appeals rejected Harms' argument, based on *Johnson*, in which he urged the court to conclude that his due process claims relating to competency were not procedurally barred. In rejecting his argument, the Court of Appeals cited *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012), in which we distinguished *Johnson* and concluded that a competency claim raised for the first time in a second motion for postconviction relief was procedurally barred. In *Watkins*, we rejected what we characterized as the defendant's "argument that a procedural bar can never apply to an issue of competence." 284 Neb. at 749, 825 N.W.2d at 408-09. In *Watkins*, we distinguished *Johnson* on the basis that "the competency issue was raised in *Johnson* in a first

postconviction proceeding after no direct appeal had been taken," whereas the defendant in *Watkins*, who had taken a direct appeal, raised the competency issue for the first time in a second postconviction motion and had not raised the issue in the first postconviction motion. 284 Neb. at 749, 825 N.W.2d at 408. In *Watkins*, we also distinguished the matter on the basis that the trial court's plea colloquy with the defendant in *Johnson* "raised an obvious issue of competence," whereas the plea colloquy with the defendant in *Watkins* did "not suggest any such problem." 284 Neb. at 749, 825 N.W.2d at 408. In *Watkins*, we reaffirmed the correctness of imposing a procedural bar in two previous cases involving competency issues raised for the first time in successive postconviction motions.

Based on our decision in *Watkins*, the Court of Appeals in the present case stated:

> Harms failed to raise the issue of his competency in connection with his direct appeal; he fails to allege that the defense was not available to him before; and, following our review of the full colloquy between the district court and Harms during the plea hearing and Harms' allocution at the sentencing hearing, the exchange in no way suggests of an issue regarding Harms' competence.

*State v. Harms*, No. A-22-393, 2023 WL 2656390 at *7 (Neb. App. Mar. 28, 2023) (selected for posting to court website). The Court of Appeals recognized that this was Harms' first postconviction motion, not a successive postconviction motion as in *Watkins*, but concluded nevertheless that the competency claim was procedurally barred because Harms did not raise it in his direct appeal.

Having determined that Harms' due process claim related to competence was procedurally barred, the Court of Appeals turned to Harms' claims of ineffective assistance of trial and direct appeal counsel, including Harms' claim that his appellate counsel was ineffective for failing to raise trial counsel's failure to investigate his competency. The Court of Appeals

cited precedent to the effect that the question of competence refers to whether defendants have the capacity to understand the nature and object of the proceedings against them, to comprehend their own condition in reference to such proceedings, and to make a rational defense. The Court of Appeals determined that although Harms made generalized allegations that his psychiatric history included alcoholism, depression, anxiety, posttraumatic stress disorder, and panic disorder, with a history of suicide attempts, and that he had been denied access to medications at times, he "failed to plead any exculpatory evidence that would have been uncovered through investigation that would tie his alleged medical issues to a lack of competency as it has been defined" in Nebraska precedent. *Harms, supra*, 2023 WL 2656390 at \*9. The Court of Appeals concluded that Harms failed to make factual allegations to support his claims of ineffective assistance of counsel and that therefore, the district court did not err when it denied an evidentiary hearing on the claims. The Court of Appeals further concluded that the district court did not err when it rejected Harms' remaining claims, and it therefore affirmed the district court's order that denied postconviction relief without a hearing.

We granted Harms' petition for further review.

## ASSIGNMENTS OF ERROR

Harms claims that the Court of Appeals erred when it (1) concluded that his due process claim related to competency was procedurally barred and (2) affirmed the district court's denial of his claims of ineffective assistance of trial and appellate counsel. Regarding ineffective assistance of counsel, Harms specifically claims that the Court of Appeals erred when it concluded that he was competent based on his plea colloquy.

## STANDARDS OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant

failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Galindo, ante* p. 1, 994 N.W.2d 562 (2023).

[2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *Id*.

## ANALYSIS

*Due Process Claim Related to Competence Was Procedurally Barred in Harms' Postconviction Action.*

Harms first claims that the Court of Appeals erred when it determined that his due process claim relating to competence was procedurally barred. Because it could have been, but was not, raised in his direct appeal, we conclude that the issue was procedurally barred in this postconviction action. The Court of Appeals did not err when it so concluded.

As the foregoing factual section demonstrates, Harms and the Court of Appeals placed emphasis on *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996), and *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). Thus, our initial analysis focuses on these cases before addressing our competency jurisprudence more widely. Harms argues that the present case is governed by *Johnson* and that under the precedent of that case, "a claim of competency, which is a fundamental due process claim, cannot suffer from a procedural bar." Brief for appellant on petition for further review at 3. Harms notes that *Watkins* did not overrule *Johnson*. Because the defendant in *Watkins* did not raise the competency issue in his direct appeal or his first postconviction motion, Harms contends his case is more like *Johnson*, in which the defendant raised the competency issue in the first postconviction motion he filed and it was not procedurally barred. See, also, *State v. Saufley*, 29 Neb. App. 592, 956 N.W.2d 726 (2021) (Court of Appeals citing *Johnson* to conclude that procedural bar did not apply

where defendant did not file direct appeal from plea-based conviction and raised competency issues in first postconviction motion).

[3] In *Watkins*, we distinguished the case factually from *Johnson*. In doing so, we also "reject[ed] the argument that a procedural bar can never apply to an issue of competence" raised in a postconviction proceeding, and we "decline[d] to establish such a rule." *Watkins*, 284 Neb. at 749, 825 N.W.2d at 408-09. We did not explicitly overrule *Johnson* in *Watkins* because the two cases were in different procedural postures and the specific holding in *Johnson* was not applicable. We distinguished *Johnson* on the basis that after a direct appeal, *Watkins* "involve[d] a successive motion for postconviction relief," whereas "the competency issue was raised in *Johnson* in a first postconviction proceeding after no direct appeal had been taken." *Watkins*, 284 Neb. at 749, 825 N.W.2d at 408. We also distinguished the two cases on the basis that "the trial court's colloquy with the defendant in *Johnson* at the time of the plea raised an obvious issue of competence," whereas "the district court's colloquy with [the defendant in *Watkins*] at the time of his guilty plea [did] not suggest any such problem." *Watkins*, 284 Neb. at 749, 825 N.W.2d at 408.

Procedurally, the present case is unlike *Johnson* and *Watkins*. While the competency issue was raised in *Watkins* in a successive postconviction motion, Harms, like the defendant in *Johnson*, raised the competency issue in a first postconviction proceeding. However, the present case differs from *Johnson*; in *Johnson*, no direct appeal was taken, but in the present case, Harms took a direct appeal and did not raise the competency issue.

As we explain below by reference to our broader competency jurisprudence, and as we did in *Watkins*, we continue to reject the broad statement from *Johnson* that a procedural bar can never apply to an issue of competence. In *Watkins*, we reaffirmed our holdings in *State v. Fincher*, 191 Neb. 446, 216 N.W.2d 172 (1974), and *State v. Ryan*, 257 Neb. 635,

601 N.W.2d 473 (1999), which applied a procedural bar to successive postconviction motions. We note the existence of yet another case, *State v. Painter*, 229 Neb. 278, 426 N.W.2d 513 (1988), which involved a procedural posture like that in the present case. In *Painter*, a competency issue was raised in a postconviction motion after the defendant's convictions and sentences were affirmed on direct appeal. In *Painter*, we reasoned that we could dispose of alleged due process errors relating to competency because "a motion for postconviction relief may not be used to obtain review of issues which could have been raised on direct appeal." 229 Neb. at 280, 426 N.W.2d at 515. We note, however, that in the postconviction motion in *Painter*, the defendant also raised a claim of ineffective assistance of counsel related to competency, and that on appeal, we reviewed the district court's ruling on that claim on the merits without noting any procedural bar to the ineffective assistance of counsel claim.

[4] This court continues to adhere to the longstanding rule noted in *Painter* that "a motion for postconviction relief cannot be used to secure review of issues that were known to the defendant and which were or could have been litigated on direct appeal." *State v. Galindo, ante* p. 1, 10, 994 N.W.2d 562, 574 (2023). In adhering to this rule, we note that the "need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *Id*. We conclude, therefore, that the procedural bar set forth in *Painter* continues to apply when a competency issue raised in a postconviction motion could have been, but was not, raised on direct appeal. Important to our reasoning is the fact that when there has been a direct appeal, there has been an opportunity for review by an appellate court, and we further observe that in a postconviction motion, the defendant can still raise a claim of ineffective assistance for any failure of appellate counsel to present a meritorious competency issue on direct appeal.

In view of the foregoing, we conclude that the due process issue of competence is procedurally barred in a postconviction action when the defendant took a direct appeal and could have, but did not, raise the issue in that direct appeal. We emphasize that our holding in this case is governed by the specific procedural posture in which Harms' convictions and sentences were affirmed in a direct appeal in which he could have, but did not, raise the competency issue. As we did in *State v. Watkins*, 284 Neb. 742, 749, 825 N.W.2d 403, 408 (2012), we distinguish the present case from *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996), which was in a different procedural posture in that "the competency issue was raised in *Johnson* in a first postconviction proceeding after no direct appeal had been taken." Because Harms' convictions and sentences were affirmed in a direct appeal, this case does not present the same procedural circumstances that were present when the Court of Appeals decided *Johnson*.

We therefore conclude that the Court of Appeals did not err in this case when it determined that Harms' due process claim related to competence was procedurally barred.

*Court of Appeals Did Not Err When It*
*Affirmed the Denial of Harms' Claims*
*of Ineffective Assistance of Counsel.*

Harms further claims that the Court of Appeals erred when it affirmed the district court's denial of his claims of ineffective assistance of trial and appellate counsel related to competency. He specifically claims that the Court of Appeals erred because it reached this determination based solely on the plea colloquy and because it failed to determine that other matters outside the trial record would have warranted a competency hearing if counsel had brought those matters to the trial court's attention. We reject these claims.

Harms asserts that the plea colloquy alone cannot resolve the issue of his competence. He further asserts that he alleged other matters outside the record to support his claims,

including allegations regarding his psychiatric history and his history of suicide attempts. He further argues that his allegations were sufficient to show that if counsel had brought the issues to the trial court's attention, they would have warranted a hearing that went beyond the plea colloquy to determine his competence.

Contrary to Harms' assertions, we do not read the Court of Appeals' analysis as relying on the plea colloquy alone. In its recitation of facts, the Court of Appeals recited the trial court's plea colloquy with Harms and also extensively recited the allocution at Harms' sentencing. In our view, Harms' statements, particularly those he made at his sentencing, indicate that he understood the nature of the proceedings and his role in the proceedings and that he was competent to participate in his defense. We reject Harms' assertion that the Court of Appeals relied solely on the plea colloquy when it rejected his claims of ineffective assistance of counsel related to competence.

In its analysis of the claims, the Court of Appeals focused on the allegations Harms made to support the claims rather than on the plea colloquy. Reviewing the allegations, the Court of Appeals determined that although Harms made allegations regarding his psychiatric history and his history of suicide attempts, he made no allegations that tie that history to a lack of competence as competence is defined in Nebraska precedent.

[5-7] We have said that a person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Garcia, ante* p. 74, 994 N.W.2d 610 (2023). The competency standard includes both (1) whether the defendant has a rational as well as factual understanding of the proceedings against him or her and (2) whether the defendant has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding. *Id*. There are no fixed or

immutable signs of incompetence, and a defendant can meet the modest aim of legal competency, despite paranoia, emotional disorders, unstable mental conditions, and suicidal tendencies. *Id*.

The Court of Appeals considered the record and Harms' allegations in terms of this precedent, and we determine that the Court of Appeals did not err when it concluded that Harms' allegations failed to tie his medical issues to a lack of competency as defined in our precedent. Although Harms made allegations regarding his mental history, he made no allegations that show that the conditions from which he had suffered prevented him from being competent to stand trial in the sense of being able to understand the proceedings and assist in his defense. We therefore see no error in the Court of Appeals' conclusion that the district court did not err when it denied Harms' claims of ineffective assistance of counsel relating to competence without an evidentiary hearing.

## CONCLUSION

We conclude that the Court of Appeals did not err when it determined that Harms' due process claim related to competence was procedurally barred in this postconviction action because Harms could have, but did not, raise the issue in his direct appeal. We further determine that, regarding Harms' claims of ineffective assistance of counsel, the Court of Appeals did not rely solely on the plea colloquy and instead that it considered Harms' allegations in terms of precedent regarding competence. We conclude that the Court of Appeals did not err when it rejected Harms' claims of ineffective assistance of trial counsel and counsel on direct appeal related to competence and, in so doing, did not err when it affirmed the district court's denial of the claims. We therefore affirm the Court of Appeals' decision in which it affirmed the district court's order denying postconviction relief without an evidentiary hearing.

AFFIRMED.