IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MILLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL S. MILLER, APPELLANT.

Filed December 26, 2023.    No. A-22-950.

Appeal from the District Court for Douglas County: LEANNE M. SRB, Judge. Affirmed.

Michael S. Miller, pro se.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Michael S. Miller appeals from the Douglas County District Court's order denying his motion for postconviction relief without an evidentiary hearing. He contends that the district court erred in finding that the allegations in his motion were insufficient to warrant a hearing. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

In February 2020, pursuant to a plea agreement, in case number CR 19-3142, Miller pled no contest to theft by receiving in the amount of $5,000 or more, a Class IIA felony, and was sentenced to 4 to 5 years' imprisonment with credit for 11 days served. In case number CR 19-4517, Miller pled no contest to possession of a firearm by a prohibited person, a Class ID felony, and was sentenced to 10 to 12 years' imprisonment with a mandatory minimum of 3 years'

imprisonment. Miller received credit for 227 days served and the sentences were ordered to be served consecutively.

Following his convictions and imposition of the sentences, Miller, who was represented by new counsel, filed a direct appeal in each case which were consolidated for the purposes of appeal. See *State v. Miller*, No. A-20-433, 2021 WL 1186401 (Neb. App. Mar. 30, 2021) (not designated for permanent publication). On appeal, Miller argued that (1) the sentences imposed were excessive; and (2) trial counsel was ineffective (a) in failing to interview any witnesses and/or securing the arresting officers' body cam footage; (b) in not being physically able to take his case to a jury trial; and (c) in failing to file any motions and/or make any challenge to the State's evidence. In an opinion affirming Miller's convictions and sentences, this court found that the sentences imposed were not excessive; that he failed to sufficiently and specifically raise his claim that trial counsel was ineffective for failing to interview witnesses and for failing to file any motions or otherwise challenge the State's evidence; and that the record affirmatively refuted his claim that counsel was ineffective for failing to secure or obtain body camera footage, and his claim that his counsel was ineffective for being physically unable to take Miller's case to a jury trial. The mandate issued on June 7, 2021.

In March 2022, Miller timely filed a pro se verified motion for postconviction relief. In his motion, he alleged that (1) his Fourth Amendment right against unreasonable searches and seizures was violated by law enforcement's investigation in this matter; (2) his Fifth Amendment right to due process was violated because of trial counsel's ineffectiveness because the evidence was insufficient to support his plea, rendering his plea void, and the trial court abused its discretion in certain trial decisions; (3) his trial counsel was ineffective in multiple ways; and (4) he received ineffective assistance of appellate counsel.

In an order denying his motion for postconviction relief without an evidentiary hearing, the district court found that Miller's first three claims were procedurally barred and that his fourth claim alleging ineffective assistance of appellate counsel contained insufficient factual allegations to demonstrate a constitutional violation. Miller has timely appealed to this court.

ASSIGNMENTS OF ERROR

Miller assigns that the district court erred in (1) finding that the record and allegations in his motion for postconviction relief did not establish that his rights to effective assistance of counsel, equal protection, and against cruel and unusual punishment were violated when trial counsel allowed him to be charged, convicted, and sentenced for theft by receiving stolen property $5,000 or more; (2) failing to find that his trial counsel was ineffective for failing to locate an alibi witness who later submitted an affidavit to show Miller's lack of intent to commit the offense of theft by receiving; and (3) finding that his appellate counsel was not ineffective for failing to assign as error and brief the issues regarding the ineffectiveness of trial counsel, especially where the record was made clear by trial counsel and the court as to being little or no value on the skid loader.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his

or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Harms*, 315 Neb. 445, 996 N.W.2d 859 (2023).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *Id*.

## ANALYSIS

Before considering Miller's assignments of error, we briefly summarize the standard for postconviction relief. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations. *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id.* Neb. Rev. Stat. § 29-3001(2) (Reissue 2016) requires that the court grant a prompt hearing "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief . . . ." Under the act, an evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. See *State v. Williams, supra*. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id.*

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his first and second assignments of error, Miller generally assigns that the district court erred in denying his motion for postconviction relief as it related to his claims regarding trial counsel's ineffectiveness in allowing him to be charged under an incorrect statute and in failing to locate an alibi witness who would provide evidence relating to Miller's lack of intent to commit the offense of theft by receiving.

To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

However, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *Id*. A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *Id*.

Ordinarily, when a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective

performance which is known to the defendant or is apparent from the record. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Otherwise, the issue will be procedurally barred. *Id*. A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *Id.*

Here, Miller was represented on direct appeal by different counsel than had represented him during his plea and sentencing hearings. Any allegations that trial counsel had an obligation to realize an alleged error in the State's charges against Miller or trial counsel's failure to locate an alibi witness would have been known to Miller and would have been apparent from the record at the time of his direct appeal. Therefore, Miller was required to raise these issues on direct appeal and, since he did not do so, these claims are procedurally barred.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his third assignment of error, Miller assigns that the district court erred in finding that his appellate counsel was not ineffective for failing to assign as error and brief allegations of the ineffectiveness of trial counsel "especially where the record was made clear by trial counsel and the Court as to [there] being little or no value on the skid loader" which formed the basis for his conviction for theft by receiving. Brief for appellant at 3.

In *State v. Garcia*, 315 Neb. 74, 84-85, 994 N.W.2d 610, 639-40 (2023), the Nebraska Supreme Court stated:

> First, we have long held that to be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief. Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy such requirement. Moreover, we have held that, in both the criminal and postconviction context, an appellate court will not ordinarily scour the record in search of facts that might support an appellant's claim.
>
> . . . .
>
> For the purposes of briefs filed with the appellate courts, we do not encourage the practice of incorporating by reference any content material to a party's argument, particularly when such references are unclear, and any party who does incorporate by reference does so at the party's own peril.

Here, the entirety of Miller's argument regarding his allegations of ineffective assistance of appellate counsel is as follows:

> [Miller] further offers . . . as to where [his] Appellate Counsel was ineffective for failing to specifically allege deficient performance of trial [c]ounsel. . . Again, [Miller's] rights [were] well[-]preserved per [the] U.S. and Nebraska's Constitution[s]. [Miller] request[s that the appellate court] look at . . . Plain Error . . .

(Citations omitted.) Brief for appellant at 13.

Because Miller failed to specifically argue his allegations of ineffective assistance of appellate counsel in his brief, we will not consider his assignment of error that his appellate counsel was ineffective in failing to raise and brief trial counsel's errors on direct appeal.

## CONCLUSION

Having found that Miller's assigned errors are procedurally barred or were not sufficiently argued in his appellate brief, we affirm.

AFFIRMED.