IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ALLEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MASSEY L. ALLEN, JR., APPELLANT.

Filed February 11, 2025.    No. A-24-231.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Massey L. Allen, Jr., pro se.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Massey L. Allen, Jr., appeals from the Douglas County District Court's order denying his motion for postconviction relief without an evidentiary hearing. Upon our review, we affirm the denial of Allen's request for postconviction relief.

## BACKGROUND

Following a jury trial, Allen was found guilty of involuntary manslaughter for the death of Horace Steen. He was subsequently found to be a habitual criminal and was sentenced to 20 to 25 years' imprisonment.

Allen, represented by new counsel, filed a direct appeal from his conviction and sentence. See *State v. Allen*, No. A-21-553, 2022 WL 2309281 (Neb. App. June 28, 2022) (selected for posting to court website) (*Allen I*). In his brief on appeal, Allen argued that (1) the district court

erred in sustaining the State's hearsay objections to certain questions; (2) the district court erred in failing to grant his motion for mistrial; (3) the evidence was insufficient to sustain his conviction for manslaughter; and (4) the sentence imposed by the district court was excessive. In addition to these arguments, Allen asserted that he received ineffective assistance of trial counsel when counsel (1) failed to make offers of proof regarding a key witness' potential trial testimony; (2) failed to depose two witnesses who were present during Allen's altercation with the victim prior to their deaths; (3) failed to investigate the victim's prior head injury; (4) failed to challenge the State's use of a consensual fight as the predicate offense to Allen's manslaughter charge; (5) failed to move for a motion to dismiss at the close of the defense's evidence; and (6) failed to file a motion for new trial.

In our opinion in *Allen I*, this court affirmed Allen's conviction and sentence, finding that the district court did not err in its evidentiary rulings, that the evidence was sufficient to sustain Allen's conviction for manslaughter, and that his sentence was not excessive. In addition, we found that a majority of Allen's claims of ineffective assistance of trial counsel were without merit. However, we found that the record on direct appeal was insufficient to address his claims that trial counsel provided ineffective assistance in failing to depose two eyewitnesses before their deaths and in failing to investigate whether the victim had suffered a previous head injury earlier on the day of the incident. These two claims were preserved for postconviction review.

On June 14, 2023, Allen filed a timely pro se motion for postconviction relief in the district court. In the motion, he alleged that the State committed several instances of prosecutorial misconduct during his trial, that the district court committed various errors during the trial, and that his trial counsel provided ineffective assistance in numerous regards. Additionally, Allen alleged that his appellate counsel provided ineffective assistance in failing to raise all of his assertions of prosecutorial misconduct, district court error, and ineffective assistance of trial counsel in his direct appeal.

In March 2024, the district court entered an order denying Allen's motion for postconviction relief without an evidentiary hearing. In the order, the court found that Allen's claims of prosecutorial misconduct and district court error were procedurally barred because they could have been raised in his direct appeal. Similarly, the court found that all of Allen's claims of ineffective assistance of trial counsel, with one exception, were procedurally barred because they were not raised in his direct appeal. Allen's claim that trial counsel failed to depose two eyewitnesses prior to their deaths was raised in his direct appeal and was, thus, not procedurally barred. However, the district court found that this claim lacked merit because "Allen failed to allege sufficient facts to show which, if proved, would establish a reasonable probability that the outcome of his case would have been different if his trial counsel had deposed [the two deceased eyewitnesses prior to their deaths]."

As to Allen's claims of ineffective assistance of appellate counsel, in its order the district court found that Allen was not entitled to an evidentiary hearing on such claims. The court conducted an analysis of each of the underlying claims of prosecutorial misconduct, district court error, and ineffective assistance of trial counsel and reasoned that each of these arguments were without merit or were not sufficiently raised. Accordingly, the corresponding claims of ineffective assistance of appellate counsel for failing to raise such issues on direct appeal were also without merit.

Allen has timely appealed to this court from the denial of an evidentiary hearing on his motion for postconviction relief.

## ASSIGNMENTS OF ERROR

Allen assigns as error the district court's denial of his motion for postconviction relief without an evidentiary hearing. In the argument section of his brief on appeal, Allen lists each of his claims of prosecutorial misconduct, district court error, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel that were raised in his motion for postconviction relief.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Harms*, 315 Neb. 445, 996 N.W.2d 859 (2023).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *Id*.

## ANALYSIS

Before considering Allen's specific assignment of error, we briefly summarize the standard for postconviction relief. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations. *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Williams, supra*. Neb. Rev. Stat. § 29-3001(2) (Reissue 2016) requires that the court grant a prompt hearing "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief. . . ." Under the act, an evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. See *State v. Williams, supra*. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id*.

To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

*Claims of Prosecutorial Misconduct and District Court Error.*

Each of Allen's claims of prosecutorial misconduct and district court error raised in his motion for postconviction relief and reiterated in this appeal are procedurally barred because they could, and should, have been raised in his direct appeal. A motion for postconviction relief is not a substitute for an appeal, and therefore, a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal; such issues are procedurally barred. *State v. Tyler*, 301 Neb. 365, 918 N.W.2d 306 (2018). Allen provides no explanation for why his claims of prosecutorial misconduct and district court error could not have been raised in his direct appeal. He does not allege that any such claim was not known to him or his appellate counsel at the time of his direct appeal. Accordingly, these claims are procedurally barred.

*Claim of Ineffective Assistance of Trial Counsel Raised on Direct Appeal.*

As we stated above, in Allen's direct appeal, he alleged that his trial counsel was ineffective for failing to depose two witnesses who were present during Allen's altercation with the victim prior to their deaths. In *Allen I*, we found that our record on direct appeal was insufficient to review this assertion. The claim was preserved for postconviction review. In Allen's motion for postconviction relief, he again asserted that trial counsel erred in failing to depose the two eyewitnesses prior to their deaths. The district court found that Allen could not show he was prejudiced by trial counsel's failure to depose the witnesses as much of their testimonies would have been cumulative to other evidence presented during the trial and any noncumulative testimony would not have altered the outcome of the trial. The court concluded that the claim of ineffective assistance of trial counsel was, as a result, without merit.

In his brief on appeal, Allen reasserts this claim of ineffective assistance of trial counsel, as part of his general assertion that the district court erred in denying his motion for postconviction relief without an evidentiary hearing. However, in the brief, Allen merely restates his claim that trial counsel was ineffective in failing to depose the witnesses and that he was prejudiced by the absence of their testimonies at trial. He does not provide any argument regarding why the district court was incorrect in determining that the witnesses' testimonies would be cumulative to other evidence and would not have changed the outcome of his trial. In fact, in his brief, although Allen states their testimonies would have proven Steen had a preexisting head injury and that Allen acted in self-defense, he does not elaborate on how these lay witnesses could have causally connected any preexisting head injury to Steen's death or explain why their testimonies regarding self-defense was not cumulative to the testimony received. He simply concludes that "[t]he exclusion of these mentioned witnesses' testimony substantially prejudiced Allen's defense and undermined confidence in the outcome of the trial." Brief for appellant at 19.

Given the shortcomings of Allen's brief in this regard, we must conclude that he failed to provide sufficient argument to support this assertion of ineffective assistance of trial counsel. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. See, e.g., *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023). Moreover, an argument that does little more than to restate an assignment of error does not sufficiently support the assignment. See *State v. Pereira*, 284 Neb. 982, 824 N.W.2d 706 (2013). Here, Allen has failed to provide any support for his generalized

conclusion that the district court erred in denying him an evidentiary hearing on his claim that trial counsel provided ineffective assistance in failing to depose the two eyewitnesses prior to their deaths.

*Other Ineffective Assistance of Trial Counsel Claims.*

All of Allen's other claims of ineffective assistance of trial counsel, which were not raised on direct appeal, are procedurally barred because they could have been so raised. A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Practically, this means that when a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Otherwise, the issue will be procedurally barred. *Id*.

Here, Allen was represented on direct appeal by different counsel than had represented him during the trial and subsequent sentencing hearing. He does not allege that any of his claims of ineffective of assistance of trial counsel were unknown to him at the time of his direct appeal, nor does he provide any other rationale for his failure to raise these claims at that time. Therefore, Allen should have raised these issues on direct appeal and, since he did not do so, the claims are procedurally barred.

*Ineffective Assistance of Appellate Counsel.*

Finally, in his brief on appeal, Allen reasserts his claims that he was provided with ineffective assistance of appellate counsel when counsel failed to raise the issues of prosecutorial misconduct, district court error, and ineffective assistance of trial counsel alleged in his motion for postconviction relief in his direct appeal. In the district court's order denying Allen an evidentiary hearing, the court addressed each of Allen's assertions of ineffective assistance of appellate counsel and found that each claim was either without merit or not sufficiently raised. On appeal, Allen merely lists each allegation of ineffective assistance of appellate counsel raised in his postconviction motion without providing any argument about why the district court was incorrect in finding that the assertions were either without merit or not sufficiently raised. Notably, as we alluded to above, the majority of the argument section of Allen's brief on appeal consists of only a list of the assertions raised in his motion for postconviction relief. There is no real argument tied to the facts of his case or to case law to explain why Allen believes the district court erred in denying him an evidentiary hearing.

As we discussed above, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023). And, an argument that does little more than to restate an assignment of error does not sufficiently support the assignment. See *State v. Pereira*, 284 Neb. 982, 824 N.W.2d 706 (2013). In his brief on appeal, Allen merely restates his claims that

he received ineffective assistance of appellate counsel without providing any argument to support such claims. As such, we decline to review these claims on appeal.

## CONCLUSION

Having found that Allen's assertions are procedurally barred or not sufficiently argued in his appellate brief, we affirm the decision of the district court denying him an evidentiary hearing.

AFFIRMED.