IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. LIGHTSPIRIT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHEKINAH N. LIGHTSPIRIT, APPELLANT.

Filed September 3, 2024.    No. A-23-733.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Darik J. Von Loh, of Hernandez Frantz, Von Loh, for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

MOORE, Judge.

INTRODUCTION

Shekinah N. Lightspirit appeals from the order of the district court for Lancaster County, denying his motion seeking postconviction relief following an evidentiary hearing. Finding no error, we affirm.

STATEMENT OF FACTS

CONVICTION AND SENTENCE

The charges in this case stemmed from an incident occurring in the early morning hours of July 24, 2014. Matthew Perry, a homeless man, was sleeping outside his tent in an encampment located behind the People's City Mission in Lincoln, Nebraska. A man, later identified by numerous eyewitnesses as Lightspirit, approached Perry as he slept. Lightspirit threw a heavy object at Perry, striking him in the head. Perry's collarbone was also broken during the assault. Lightspirit fled the scene before police arrived.

- 1 -

Perry was transported to the hospital where he was diagnosed with a depressed skull fracture. Perry underwent surgery for the injury and was eventually released.

Lightspirit was arrested at Matt Talbot Kitchen later in the morning on the day of the assault. Matt Talbot Kitchen is about 30 blocks from the People's City Mission. Lightspirit agreed to a police interview in which he denied he had been near the People's City Mission or assaulted Perry that morning.

Lightspirit was charged with first degree assault. The information was later amended to add a charge of use of a deadly weapon to commit a felony and an enhancement for being a habitual criminal.

The matter proceeded to a jury trial. The State presented the testimony of numerous eyewitnesses who identified Lightspirit as the person who had injured Perry by throwing the heavy object at his head. The State also presented the testimony of numerous police officers involved in the investigation, and the doctor who performed the surgery on Perry. Lightspirit testified in his own defense, claiming he was sleeping in a park near Matt Talbot Kitchen at the time of the assault. Lightspirit testified that after he woke up, he went directly to the bathroom at Matt Talbot Kitchen, where he was arrested. The jury found Lightspirit guilty on both counts.

Following an enhancement hearing, the trial court found Lightspirit to be a habitual criminal and sentenced him to 15 to 25 years' imprisonment for first degree assault and 10 to 20 years' imprisonment for use of a deadly weapon to commit a felony. The court ordered that the sentences be served consecutively and awarded Lightspirit credit for 432 days served. See *State v. Lightspirit*, No. A-15-970, 2016 WL 6596094 (Neb. App. Nov. 8, 2016) (selected for posting to court website).

DIRECT APPEAL

Lightspirit, represented by appellate counsel, filed a direct appeal asserting that there was insufficient evidence to support his convictions, that the district court erred in admitting an exhibit at the enhancement hearing that was not properly authenticated, that his trial counsel was ineffective in various respects, and that the totality of the circumstances establishes that he did not receive a fair trial.

This court affirmed Lightspirit's convictions and sentences. We also noted that the record was inadequate for our court to address Lightspirit's assertions that his trial counsel was ineffective for failing to present additional alibi evidence, for failing to question police about accessing records, and for failing to call an additional witness, Dakota Heinzen. See *State v. Lightspirit, supra*.

POSTCONVICTION PROCEEDINGS

Lightspirit, then self-represented, filed his original postconviction motion on October 16, 2017, and later was granted leave by the district court to file an amended postconviction motion. Lightspirit, through postconviction counsel, filed the operative amended postconviction motion on May 8, 2019. In the district court's later order addressing Lightspirit's amended postconviction motion, it consolidated Lightspirit's various claims as: (1) trial counsel was ineffective because he did not call Heinzen as a witness; (2) trial counsel was ineffective because he failed to adequately cross-examine Officer Pachunka, the assigned officer to the case; (3) trial counsel was ineffective

because he failed to adequately cross-examine four other witnesses; (4) trial counsel was ineffective because he failed to introduce evidence that witnesses who claimed to have seen the assault were initially unable to provide a name of the assailant; (5) trial counsel was ineffective because he failed to file a motion for independent blood testing; (6) trial counsel was ineffective for not moving to dismiss or for a mistrial based upon police contaminating the crime scene when they arrived; (7) the county court bound the case over without sufficient probable cause; and (8) the trial court's response to the jurors' question about Heinzen was in error.

On October 7, 2019, the district court ordered an evidentiary hearing on the first two of Lightspirit's claims of ineffective assistance of trial counsel: failing to call Heinzen as a witness and failing to adequately cross-examine Pachunka regarding accessing police reports and documents. The court deferred ruling on all other claims (3-8 above) raised in the amended postconviction motion until the evidentiary hearing was held.

An evidentiary hearing was held before the district court on July 17, 2023. Several exhibits were entered into evidence including: a deposition of trial counsel; a deposition of Heinzen taken prior to trial; a transcript of Heinzen's statement to police in July 2014; a transcript of Lightspirit's statement to Pachunka in July 2014; a deposition of Pachunka taken prior to trial; and a police report from Pachunka regarding an incident with Lightspirit in March 2014. We have set forth details of this evidence as necessary in the analysis section below.

On August 25, 2023, the district court entered an order denying Lightspirit's claims for postconviction relief. The court rejected the two claims of ineffective assistance of trial counsel which had been the subject of the evidentiary hearing, finding the claims to be without merit. We have set forth further details of the court's analysis of these issues below. The court also found Lightspirit's remaining claims to be procedurally barred as Lightspirit had failed to demonstrate that any of the alleged issues were unknown to him or not apparent from the record at the time of his direct appeal.

Lightspirit appeals.

## ASSIGNMENTS OF ERROR

Lightspirit assigns, reordered and restated, that the district court erred in (1) rejecting his postconviction claims that trial counsel was ineffective for failing to call Heinzen as a witness and failing to adequately cross-examine Pachunka; and (2) finding the remainder of his postconviction claims to be procedurally barred.

## STANDARD OF REVIEW

In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. *State v. Ellis*, 311 Neb. 862, 975 N.W.2d 530 (2022). An appellate court upholds the trial court's findings unless they are clearly erroneous. *Id*.

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Ellis, supra*. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984), an appellate court reviews such legal determinations independently of the lower court's decision. *Id*.

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *State v. Harms*, 315 Neb. 445, 996 N.W.2d 859 (2023).

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Generally, a motion for postconviction relief cannot be used to secure review of issues that were or could have been litigated on direct appeal. See *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). However, on direct appeal this court found that the record was insufficient to address Lightspirit's assertions that his trial counsel was ineffective for failing to present additional alibi evidence, for failing to question police about accessing records, and for failing to call Heinzen as an additional witness. See *State v. Lightspirit*, No. A-15-970, 2016 WL 6596094 (Neb. App. Nov. 8, 2016) (selected for posting to court website). Thus, these claims are not procedurally barred. See *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lessley, supra*. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Lessley, supra*. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. The likelihood of a different result must be substantial, not just conceivable. *Id*. The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *Id*.

Lightspirit asserts that trial counsel was ineffective in failing to call Heinzen as a witness and failing to adequately cross-examine Officer Pachunka. We will address each claim in turn.

Trial counsel's deposition and Heinzen's police statement and deposition were received by the district court at the evidentiary hearing. In his deposition, trial counsel testified that he recalled taking Heinzen's deposition and that Heinzen had testified at the time that he did not know anything about the assault. After the jury trial had begun, Heinzen then told trial counsel, "if you call me, I am not going to be helpful to you."

In Heinzen's July 2014 statement to police, he stated that he saw Lightspirit assault Perry with a metal ball. However, at Heinzen's deposition in August 2015, he testified that he did not recall any events from July 2014, including making a statement to police. Heinzen further testified that he did not know Lightspirit and that he was an alcoholic with memory issues.

Trial counsel testified in his deposition that he made the strategic decision not to call Heinzen as a witness at trial given Heinzen's inability to recall key events during his deposition

- 4 -

and Heinzen's implication that he would not be a helpful witness for the defense. Trial counsel believed that calling Heinzen would undermine Lightspirit's case. Trial counsel also testified that he had discussed not calling Heinzen with Lightspirit, who appeared in agreement with the decision.

Lightspirit seems to argue that Heinzen himself could have been the perpetrator of the assault on Perry, rather than Lightspirit. Lightspirit concedes that because Heinzen was not called as a witness, it is unknown what Heinzen's testimony would have been. Lightspirit only asserts that while Heinzen's prior police statement was not helpful to Lightspirit's case, that "does not mean that Mr. Heinzen's testimony at trial would have been adversarial to [Lightspirit]." Brief for appellant at 7. In his amended motion for postconviction relief, Lightspirit additionally asserted that Heinzen would have supported Lightspirit's theory that other witnesses were lying, but again he does not detail what Heinzen's testimony would be.

In addressing this claim, the district court found that Lightspirit did not allege or demonstrate what information Heinzen would have provided through his testimony. The district court also noted that trial counsel had discussed calling Heinzen with Lightspirit, and Lightspirit did not object to trial counsel's strategy or insist on calling Heinzen. The court found trial counsel's testimony on the matter to be credible. The district court concluded that Lightspirit had failed to show that trial counsel's decision was deficient and also failed to establish prejudice. The court noted that there was no reason to believe the result of the proceeding would have been different given Heinzen's denial of knowledge about the assault and that three other witnesses testified to watching Lightspirit commit the assault.

In our review, we find no clear error in the district court's factual determinations, and we agree that Lightspirit has failed to show that counsel's trial strategy was deficient or that failing to call Heinzen as a witness was prejudicial. The district court did not err in denying this claim of ineffective assistance of trial counsel.

Next Lightspirit asserts that trial counsel was ineffective for failing to adequately cross-examine Officer Pachunka.

On direct appeal Lightspirit argued that his trial counsel was ineffective for "failing to question one of the investigating officers regarding whether he accessed police reports and documents related to the case after they were first logged into the online police records system." See *State v. Lightspirit*, No. A-15-970, 2016 WL 6596094 at *8 (Neb. App. Nov. 8, 2016) (selected for posting to court website). He also argued that such an examination may have revealed a possible police bias against him. *Id*. This court determined that the claim could not be reviewed as the record did not reveal whether the officer accessed any documents or what information those documents contained. *Id*.

In his amended motion for postconviction relief, Lightspirit asserted that Pachunka wrote police reports that contained misrepresentations; erroneously claimed to have found the alleged weapon; provided misleading testimony including that an eyewitness knew Lightspirit or identified him by name; and said that he did not know Lightspirit when Pachunka's own reports demonstrated that he had taken Lightspirit to the hospital months prior to assault. Lightspirit alleged that trial counsel "failed to demonstrate the sloppy police work of Pachunka and other officers to jurors."

On appeal, Lightspirit argues that trial counsel was deficient by not adequately cross-examining Officer Pachunka about who found the steel ball used to commit the assault.

However, Lightspirit does not allege what questions his trial counsel failed to ask, stating only that "there seems to be a lack of probing cross-examination . . . of the investigating officer." Brief for appellant at 7.

Although the district court noted in its order that Lightspirit's claims in his amended postconviction motion about trial counsel's performance related to Officer Pachunka appeared to be different than the claims alleged on direct appeal, the court nevertheless addressed the merits of this claim. The court found that trial counsel was not deficient and that Lightspirit was not prejudiced by the alleged lack of cross-examination regarding who found the steel ball first.

In our review, we find that the claims asserted in Lightspirit's amended postconviction motion are procedurally barred. The only issue preserved on direct appeal was whether trial counsel was ineffective for failing to adequately cross-examine Pachunka regarding accessing police reports and documents that would establish a police bias. Lightspirit did not adduce evidence regarding this preserved claim. The additional allegations of ineffective assistance of counsel regarding the cross-examination of Pachunka were not raised on direct appeal. As a result, those allegations are now procedurally barred. See *State v. Galindo*, 315 Neb. 1, 994 N.W.2d 562 (2023) (motion for postconviction relief cannot be used to secure review of issues that were known to defendant and which were or could have been litigated on direct appeal).

The district court did not err in rejecting Lightspirit's postconviction claims that trial counsel was ineffective for failing to call Heinzen as a witness and failing to adequately cross-examine Pachunka. This assignment of error fails.

## PROCEDURALLY BARRED CLAIMS

Lightspirit assigns that the district court erred in finding the remaining claims raised in his amended motion for postconviction relief are procedurally barred. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Galindo, supra*. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *Id*. A motion for postconviction relief cannot be used to secure review of issues that were known to the defendant and which were or could have been litigated on direct appeal. *Id*.

In addition to the two claims analyzed above, Lightspirit asserted four additional claims of ineffective assistance of trial counsel and two claims related to alleged error by the county and district courts in his amended postconviction motion. Lightspirit was represented by different counsel on direct appeal. In his brief, Lightspirit makes only the conclusory statement that he "could not have known that these issues were needed to be raised on appeal. They were not apparent to [Lightspirit] on the record, and they are not procedurally barred . . ." Brief for appellant at 5. This argument does little more than restate the allegations of his assignment of error. An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The district court did not err in finding Lightspirit's remaining claims to be procedurally barred. This assignment of error fails.

CONCLUSION

We find no clear error in the factual findings of the district court following the evidentiary hearing, or in its conclusion that Lightspirit's preserved claims of ineffective assistance of trial counsel failed. We also find no error in the district court's determination that the remaining claims in the amended motion for postconviction relief were procedurally barred.

AFFIRMED.